The first six cases in this volume were inadvertently omitted from their proper place in 82 Ky., and are now published out of their regular order.

CASE 1—INDICTMENT—SEPTEMBER 4, 1884.

## Commonwealth v. Arnold.

APPEAL FROM GARRARD CIRCUIT COURT.

1. CRIMINAL LAW—NEW TRIAL—FORMER JEOPARDY.—Where a new trial is granted to one who has been convicted of manslaughter under an indictment for murder, he is in the same position as if no trial had been had, and may be again tried for murder.

2. CONSTITUTIONAL LAW—NEW TRIAL.—The Legislature has the right to prescribe the terms upon which one who has been convicted of crime may have a new trial; therefore section 270 of the Criminal Code, which provides that "the granting of a new trial places the parties in the same position as if no trial had been had," is not un-constitutional.

P. W. HARDIN, ATTORNEY-GENERAL, AND EDWARD W. HINES FOR APPELLANT.

1. Where the accused has been convicted of manslaughter under an indictment for murder, and a new trial has been granted at his instance and request, the implied acquittal of murder involved in the first verdict is not a bar to another trial of the defendant for that offense under the same indictment. (State v. Behimer, 20 Ohio State, 572; Veatch v. State, 60 Ind., 291; Morris v. State, 1 Blackf., 37; State v. Commissioners of Cross-roads, 3 Hill (S. C.), 241; Bailey v. State, 26 Ga., 579; Mitchell v. State, 8 Yerg., 514.)

Commonwealth v. Arnold.

2. The granting of a new trial places the parties in the same position as if no trial had been had. (Criminal Code, section 270; State v. Simms,. 71 Mo., 358.)

3. The Legislature has the right to prescribe the terms upon which the accused may have a new trial.

R. C. WARREN, Commonwealth's Attorney, on same side.

1. The ordering of a new trial leaves the parties in the same position as, they were before the first trial.

2. The verdict of a jury is a legal unit, and where there is but one count the verdict can not be set aside in part and sustained in part. (Bishop's Criminal Law, section 1005.)

3. When the defendant applied to the Court of Appeals to vacate the judgment and sentence of manslaughter against him, he waived any objection to being put in jeopardy a second time. (Bishop's Criminal Law, section 998; McKee v. People, 32 N. Y., 239; Cooley's Constitutional Limitations, pages 327, 328.)

W. O. BRADLEY, W. A. MORROW for appellee.

1. Where a new trial is granted to one found guilty of manslaughter under an indictment for murder, he is protected from any further prosecution for the murder. (Bishop's Criminal Law, sections 1004, 1056, 1057; Breenan v. People, 15 Ill., 511; Hunt v. State, 25 Miss., 378;, Slaughter v. State, 6 Humph. (Tenn.), 411; State v. Kemper, 17 Wis., 699; State v. Martin, 30 Wis., 216; Gee v. Keenan, 7 Wis., 695; Leslie v. State, 18 Ohio State, 390; Cooley's Constitutional Limitations, 328; Campbell v. State, 9 Yerg., 333; State v. Kettle, 2 Tyler, 471; Morris v. State, 8 S. & M , 672; Enson v. State, 1 Swan., 14; Guenther v. People, 24 N. Y., 100; Criminal Code, section 6; State v. Gleason, 56 Iowa, 203; Lipple v. People, 10 Brader (Ill.), 144; People v. Dowling, 86 N. Y., 478; People v. McDonnell, 17 Weekly Digest, 19;. State v. Dennison, 31 La. Ann., 419; Nutt v. State, 63 Ala., 180;: Berry v. State, 65 Ala., 117; Smith v. State, 68 Ala.,. 424.)

2. Section 270 of the Criminal Code was intended to regulate the conduct of a new trial only as to those matters about which a new trial has been sought and granted. (People v. Gilmore, 4 Cal., 376.)

3. The Legislature has no power to impose, as a condition of a new trial, that the party shall again place himself in jeopardy as to an offense of which he has been acquitted.

JUDGE PRYOR delivered the opinion of the court.

W. A. Arnold was indicted in the Garrard Circuit Court for the murder of one Robert Boyle, and when tried was convicted of manslaughter. The judgment

of conviction was reversed and a new trial granted. On the second trial the accused filed a plea in bar or former acquittal as to the charge for murder contained in the indictment, maintaining that the conviction for the lesser offense, although the verdict was set aside at his instance, was an acquittal of the greater offense. The court below so held, and the case is brought to this court by the attorney for the State, insisting that an error was committed by the court below to the prejudice of the Commonwealth in overruling the demurrer to the plea.

Section 270 of the Criminal Code provides, that "the granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew, and the former verdict can not be used or referred to in evidence or in argument."

Some of the elementary authorities, sustained by numerous decisions, establish the doctrine that one indicted for murder and found guilty of manslaughter is protected from any further prosecution for murder. (Bishop's Criminal Law, volume 1.) In such a view of the question we can not concur. Under the Criminal Code of this State an indictment for murder, containing but the one charge, embraces all the lesser degrees of the offense, or which may be included under it; and this case may be considered as if there were several counts, charging various degrees of the same offense. The Code of Practice settles this question, unless the provision referred to is unconstitutional.

It is manifest that by the reversal of the judg-

ment. of conviction and the granting of a new trial, there is no verdict or judgment in existence acquitting or convicting the accused of any of the degrees of the offense with which he stands charged. The Legislature has provided the manner in which a new trial may be had and the causes for which it may be granted; and when a conviction is had; and the accused sees proper to ask for a new trial, we see no constitutional objection in requiring him to submit to the conditions imposed by the statute. It is urged that such a ruling compels the accused to submit either to the verdict of manslaughter against him or subject himself to a trial for a greater offense. While this may be true he stands convicted, and is relieved from the verdict of guilty on the condition that he consents to be re-tried on the charge contained in the indictment. There is no injustice or hardship in compelling the accused, when taking advantage of the provisions of the Code in order to obtain a new trial, to submit to the provisions imposing the conditions upon which a re-trial is awarded. If a conviction for manslaughter implies an acquittal of the higher offense, the accused on his own motion has asked the court to set aside the verdict from which this implication of innocence or acquittal of the graver offense arises. The conviction no longer exists, and when set aside it can not be used as evidence or pleaded in bar of the indictment. There is neither verdict nor judgment of guilt as to any degree of the offense.

The accused when placed on trial, the court having jurisdiction of the case and the indictment sufficient

in substance to sustain a conviction, having selected a jury, empaneled and sworn, was entitled to a verdict that would bar any other prosecution. In this case a verdict was rendered, and the accused, not satisfied, has, on his own motion, caused that verdict to be set aside. In such a case the "accused may again be put upon trial upon the same facts before charged against him, and the proceedings had will constitute no protection." (Cooley's Constitutional Limitations, page 401, 5th edition.)

The same author says: "If a prisoner is acquitted on some of the counts in an indictment and convicted on others, and a new trial is obtained on his motion, he can be put upon trial a second time on those only on which he was before convicted." What effect would be given to separate verdicts on each count in one indictment, the record showing an acquittal as to one count, and a motion to grant a new trial as to the count upon which the accused was found guilty, is not necessary to be determined.

A verdict of guilty of manslaughter implies that the jury did not believe the accused guilty of murder; still there is but one homicide committed, and who is the offender and the degree of the homicide has not been ascertained. There is no record showing that the accused committed the offense, or any fact reducing the offense, if committed, from murder to manslaughter. The law presumes the accused innocent until his guilt is shown, and it devolves on the State to show, although the case has once been tried, that the accused committed the offense and the circumstances attending it. There was nothing in

the record, after the new trial had been granted, showing that any homicide had been committed; and if there is an implied acquittal of the offense charged in the indictment, why is not the accused entitled to an acquittal for all the lesser degrees? A verdict of acquittal on an indictment for murder is a bar to any prosecution 'or manslaughter, and we perceive no valid reason for holding that the granting of a new trial in this case determined in effect that if the accused did commit the homicide, it was only done in sudden heat and passion. The verdict is an entirety, and we have no doubt as to the power of the Legislature to prescribe for the accused the terms upon which he may have a second hearing. The court below should have sustained the demurrer to the plea. (State v. Behimer, 20 Ohio State, 572; Morris v. State, 1 Blackford, 37; Livingston v. Commonwealth, 14 Grattan, 592.)

In Veach v. The State, 60 Indiana, 291, the statute of that State regulating criminal proceedings contains the same provision with reference to new trials found in our Code of Practice, and it was held, where the accused had been convicted of manslaughter and a new trial granted him, that he might, upon the new trial, be convicted of murder.