OMAR WATSON et al. v. STATE.

No. A-4382. Opinion Filed March 27, 1924.
(224 Pac. 363.)

(Syllabus.)

1. **Former Jeopardy—Conviction of Higher Offense on New Trial.**
In this state a new trial granted on the motion of the defendant in a criminal case places the party accused in the same

position as if no trial had been had. Upon such new trial the defendant may be tried and convicted of any offense embraced within the information, though of a higher grade than that of which he was found guilty at the first trial.

2. **Same—Conviction of Petit Larceny not Bar to Trial for Higher Offense.** The granting of a new trial to a defendant convicted of petit larceny, upon an information for grand larceny, is not a bar to another trial under the same information for the higher offense.

3. **Same—Waiver of Plea by Securing New Trial.** When a new trial is granted the defendant, on his own motion, he thereby waives his constitutional right to interpose the plea of having been once in jeopardy.

4. **New Trial—Law as to Grant of New Trial Placing Parties in Same Position as Before Trial Constitutional.** The Legislature has the constitutional right to prescribe conditions upon which a new trial shall be granted to a defendant who has been convicted of a crime; and the statute which provides that, "The granting of a new trial places the parties in the same position as if no trial had been had," is not unconstitutional.

Appeal from District Court, Tillman County; Frank Mathews, Judge.

Omer Watson and another were convicted of petit larceny, and they appeal. Affirmed.

P. Mounts, for plaintiff in error.

The Attorney General and G. B. Fulton, Asst. Atty. Gen., for the State.

DOYLE, J. The plaintiffs in error were tried for grand larceny upon an information charging that they did take, steal and carry away two Ford automobile wheels, two casings, and two inner tubes of the value of $40, the personal property of W. C. Hiner. The jury returned a verdict finding them guilty of petit larceny and assessed their punishment at 30 days in jail and a fine of $65. The verdict was set aside and a new trial granted on the motion of the defendants.

On the second trial they interposed as a plea, in bar of their further prosecution for grand larceny, former acquittal, on the ground that the conviction for the lesser offense, although the verdict was set aside at their instance, was an acquittal of the greater offense, and that the only offense for which they could now be tried would be petit larceny, a misdemeanor; therefore the district court is without jurisdiction, and they should be discharged. The plea of former jeopardy was overruled, and exception allowed. Upon the second trial the jury returned a verdict finding them guilty of petit larceny and assessed their punishment at 30 days in jail and a fine of $100. They have appealed from the judgment rendered on the verdict.

The overruling of the plea in bar, of former acquittal, is assigned as error, and is the only question presented by the record for review.

It is urged that having been convicted of petit larceny only, on the first trial, such verdict was equivalent to an acquittal on a charge of grand larceny; that a defendant does not waive former jeopardy as to the implied acquittal of the higher offense by obtaining a new trial in case of conviction for an included offense; and that the second trial was therefore in violation of the constitutional safeguard against being twice put in jeopardy for the same offense.

There is a great and irreconcilable conflict of authority as to the effect of a new trial granted at the instance of the defendant, in cases where he was convicted of a lower degree of the offense charged, or a lower offense embraced within the charge laid in the indictment or information. The main reason underlying this conflict arises from the fundamental difference in the judicial construction of the nature of the verdict in such cases. All adjudications are a unit on the

proposition that a verdict of conviction of a lower offense embraced within the offense charged is an implied acquittal of the higher offense embraced within the offense charged, but some of the courts hold that such a verdict is an entirety, and cannot be severed and must stand or fall as an entirety, so when a new trial is granted it opens up the whole controversy anew, and the defendant by obtaining a new trial on his own motion waives the former jeopardy, not only as to the offense of which he was convicted, but also as to the one of which he was thereby impliedly acquitted.

In State v. Behimer, 20 Ohio St. 572, it was held, where, on a trial for murder, the defendant is found guilty of a lower degree of homicide than the highest degree charged in the indictment, and on his motion a new trial is granted, the effect of granting the new trial is to set aside the whole verdict and leave the case for retrial upon the same issues as on the first trial. The opinion is, in part, as follows:

"The question for decision, therefore, is, whether the legal effect of granting the new trial was to set aside the whole verdict, and leave the case for retrial upon the same issues on which it was first tried; or, whether the retrial was properly limited by the court to the degree of homicide of which the defendant had been found guilty, and to the inferior degree of manslaughter.

"A new trial has been defined to be the reinvestigation of the facts in a case, or rather, of the legal rights of the parties upon disputed facts. The term new trial, therefore, as applied to a jury case, has reference solely to an issue which has already been passed upon by a jury. 2 Grah. & Wat. on New Trials, 32.

"In a civil case there would be no doubt, where part of the issue has been found for the defendant and he should obtain a new trial, that the whole issue would be reopened for investigation on the second trial. And Mr. Wharton

states, in his work on Criminal Law, that in this country the uniform and unquestioned practice, down to a comparatively late period, has been to extend to criminal cases, so far as the revision of verdicts is concerned, the same principles which have been established in civil actions. 2 Am. Crim. Law, § 3061. See also to the same effect, Hurley v. The State, 6 Ohio, *403.

"The ground relied on to withdraw criminal cases from the operation of the general rule, is the provision in the bill of rights, which declares that no person shall 'be twice put in jeopardy for the same offense.'

"Though the existence of the power was once doubted, it is now well settled that the court has the power, at the instance of the defendant, after a verdict of conviction, to grant a new trial, without infringing this provision of the Constitution. 2 Story's Com. on the Const. of the U. S. § 1787; 2 Whart. Am. Crim. Law, § 3060 et seq. The power has been uniformly exercised in this state, when, in the judgment of the court, a proper case arose.

"The constitutional provision extends the common-law maxim, which was limited to felonies, to all grades of offenses; and it is but the application, to the administration of criminal justice, of a more general maxim of jurisprudence, that no one shall be twice vexed for one and the same cause. On this maxim rests the whole doctrine of res judicata. The object of incorporating it into the fundamental law, was to render it, as respects criminal causes, inviolable by any department of the government.

"In the case now before us, if, after the granting of the new trial, the finding of the jury acquiting the defendant of murder in the first degree, stood as an adjudication of that fact, and had its full legal effect, it would preclude his retrial for any of the lower degrees of homicide.

"Thus, 'an acquittal on an indictment for murder will be a good plea to an indictment for manslaughter of the same person; and e converso an acquittal on an indictment for

manslaughter will be a bar to a prosecution for murder; for in the first instance, had the defendant been guilty, not of murder but of manslaughter, he would have been found guil-- ty of the latter offense on that indictment; and in the second instance, since the defendant is not guilty of manslaughter, he cannot be guilty of manslaughter under circumstances of aggravation which enlarge it into murder.' Starkie's Crim. Pl. 357; 12 Pick. 504; Arch. Crim. Pl. (Old Ed.) *p. 88; Rex v. Jennings, Russ. & Ry. 388.

"But the effect of setting aside the verdict finding the defendant guilty, was to leave at issue and undetermined the fact of the homicide; also the fact whether the defendant committed it, if one was committed. The legal presumption on his plea of not guilty, was of his innocence; and the burden was on the state to prove every essential fact. The only effect, therefore, that could be given to so much of the verdict as acquitted the defendant of murder in the first degree, after the rest of it had been set aside, would be to regard it as finding the qualities of an act while the fact of the existence of the act was undetermined. This would be a verdict, to the effect, that if the defendant committed the homicide, he did it without 'deliberate and premeditated malice.'

"There can be no legal determination of the character of the malice of a defendant, in respect to a homicide which he is not found to have committed; or rather, of which, under his plea, he is, in law, presumed to be innocent.

"The indictment was for a single homicide. The defendant could, therefore, only be guilty of one offense, and could be subject to but one punishment. The degrees of the offense differed only in the quo animo with which the act causing the homicide was committed. The question of fact was whether a criminal homicide had been committed, and, if so, whether the circumstances of aggravation were such as to raise it above the grade of manslaughter. If the finding as to the main fact be set aside, the finding as to the circumstances necessarily goes with it.

"The same view is evinced by the Crimes Act, which defines the different degrees of criminal homicide. Section 39 provides, that in all trials for murder the jury shall, if they find the prisoner guilty, ascertain in their verdict whether it be murder in the first or second degree, or manslaughter; and if the conviction be by confession in open court, the court shall proceed by the examination of witnesses to determine the degree of the crime. S. & C. Stat. 416.

"It seems to us, therefore, that the necessary result of granting the defendant's motion for a new trial, was to set aside the whole verdict; and this having been done at his own instance, it can neither operate as an acquittal, nor as a bar to the further prosecution of any part of the offense charged. Stewart v. State, 15 Ohio St. 155.

"The whole verdict being set aside in granting the new trial, we can discover no other ground on which to hold that the defendant was entitled to his discharge from so much of the indictment as charged him with murder in the first degree.

"It is not the case of a discharge of the jury for an insufficient cause and without the defendant's consent. The jury was properly discharged on rendering the verdict. The new trial results necessarily from granting the defendant's own motion.

"In Hurley's Case (6 Ohio, 400), the indictment contained three counts. The first charged him with murder in the first degree; the second with murder in the second degree, and the third with manslaughter. The record showed that the jury returned into court and reported that they had agreed that the defendant was not guilty on the first count; but that they could not agree on the other counts. The defendant moved the court to enter on the journal the verdict of the jury as to the first count, which the court refused. The Supreme Court declared there was no error; that 'a verdict in either a civil or a criminal case, must be considered an entire thing': that the finding 'was in law no verdict, and the court did not err in rejecting it altogether.'

"If the verdict could not be received without a finding as to the minor grades of the offense, it is not perceived how it can stand and have effect after the finding as to these grades is set aside. And it is laid down as the general rule, that 'If the jury find only part of the issue, judgment cannot be entered on the verdict. It is void for the whole; and a venire de novo will be awarded.' I Grah. & Wat. on New Trials, 140; 2 Id. 1390.

"The principle contended for on behalf of the defendant would equally apply to the setting aside a verdict finding a defendant guilty of petit larceny where the indictment is for grand larceny. The effect of the principle would be, that while the fact as to the body of the offense would be open to investigation on the second trial, yet the circumstance as to the value of the property would be res judicata, and conclusively settled by the first verdict."

In case of Comm. v. Arnold, 83 Ky. 1, 4 Am. St. Rep. 114, it is said:

"It is manifest that by the reversal of the judgment of conviction and the granting of a new trial, there is no verdict or judgment in existence acquitting or convicting the accused of any of the degrees of the offense with which he stands charged. The Legislature has provided the manner in which a new trial may be had and the causes for which it may be granted; and when a conviction is had, and the accused sees proper to ask for a new trial, we see no constitutional objection in requiring him to submit to the conditions imposed by the statute. It is urged that such a ruling compels the accused to submit either to the verdict of manslaughter against him, or subject himself to a trial for a greater offense. While this may be true he stands convicted, and is relieved from the verdict of guilty on the condition that he consents to be re-tried on the charge contained in the indictment. There is no injustice or hardship in compelling the accused, when taking advantage of the provisions of the code in order to obtain a new trial, to submit to the provisions imposing the conditions upon which a retrial is awarded. If

a conviction for manslaughter implies an acquittal of the higher offense, the accused on his own motion has asked the court to set aside the verdict from which this implication of innocence or acquittal of the graver offense arises. The conviction no longer exists, and when set aside it cannot be used as evidence or pleaded in bar of the indictment. There is neither verdict nor judgment of guilt as to any degree of the offense.''

In the case of State v. McCord, 8 Kan. 232, 12 Am. Rep. 469, it is said:

''Three propositions are asserted: (1) That a verdict of acquittal or conviction is a perfect bar to another prosecution for the same offense, and this is a constitutional guaranty, of the benefit of which neither courts nor Legislatures can deprive a party. (2) That a party may waive this constitutional safeguard, and that he does so when on his own motion he obtains a new trial. (3) That he waives this right only so far as may be necessary to obtain the new trial; and that it is only necessary to waive this right to so much of the verdict as finds him guilty of a certain degree of the offense, and not to that part that inferentially finds him not guilty of the other degrees. The first two of these propositions are admitted by all the authorities. As to the third there is some contrariety of opinion, upon which it is not our purpose to comment. For, assuming all the propositions to be correct in the absence of statutory regulations, and the result is not affected in this state, where, as we have seen, the Legislature had a right to make a law, and where they have made one, that measures the extent of the waiver, and fixes its necessity. The authorities all agree that the constitutional right may be waived by the party convicted, and that this waiver is commensurate with the necessities of the party, in order to obtain a new trial. Whatever may be the proper rule as to the extent of the waiver where there is no statute, it is plain that where the statute has fixed the necessity, it has there placed the extent of the waiver. In this state the necessity is that the party should waive the entire right so as to bring himself within the power of the court to grant him a new trial. His waiver goes no farther than his necessities. He

makes his motion with a full knowledge of the risks he takes, and of all the possible consequences. To obtain a new trial, he voluntarily waives a right that neither courts nor the Legislature can take from him—a right that he surrenders for his own benefit, and the exact extent of which was plainly written, as the terms on which it could be done, when his motion was allowed. He is estopped from now complaining."

In People v. Wheeler, 79 App. Div. 396, 79 N. Y. Supp. 454, it is said:

"A defendant is accused of a grave crime, and is convicted of a lesser offense, which finds no support in the evidence, and lacks the constituent elements of the crime charged. He moves for a new trial, in effect saying to the court, 'I prefer a new trial on the indictment to submitting to this unjust verdict.' The court takes him at his word, and sets aside the verdict, and accords him the new trial. He makes his application voluntarily within the regulations governing the practice. It is neither reasonable nor logical, upon granting his application, to hold that the verdict is a nullity, but still retain in it sufficient vitality to acquit him of the offense of which he is accused in the indictment."

And see People v. Palmer, 109 N. Y. 413, 17 N. E. 213, 4 Am. St. Rep. 477.

The following cases hold that where there is but one offense charged in the indictment or information, and the defendant, convicted of a lower degree of that offense, obtains on his own motion a new trial, the effect of granting a new trial is to set aside the whole verdict and leave the case to be retried upon the same issue as on the first trial. They maintain that the verdict is entire, and, when set aside, leaves the case in the same condition as if it had never been rendered: State v. McFarland, 121 Ala. 45, 25 South. 625; Johnson v. State, 29 Ark. 31, 21 Am. Rep. 154; People v. Ham Tong, 155 Cal. 579, 102 Pac. 263, 24 L. R. A. (N. S.) 481; Fain v.

Comm., 109 Ky. 545, 59 S. W. 1091; State v. Thompson, 10 Mont. 549, 27 Pac. 349; State v. Davis, 80 N. C. 384; Bohanan v. People, 18 Neb. 57, 24 N. W. 390, 53 Am. Rep. 791; Benton v. Comm., 91 Va. 782, 21 S. E. 495; State v. Cross, 44 W. Va. 315, 29 S. E. 527; Turner v. Territory, 15 Okla. 557, 82 Pac. 650.

The question presented by the record is of the gravest importance to the administration of justice under the laws of this state, which provide for the trial and punishment of offenders. It is one of first instance in this court, and we are free, so far as being bound by any previous decision, to adopt our own view of the intent of the constitutional and statutory provisions.

The Bill of Rights declares:

"Nor shall any person, after having been once acquitted by a jury, be again put in jeopardy of life or liberty for that of which he has been acquitted. Nor shall any person be twice put in jeopardy of life or liberty for the same offense." Article 2, § 21.

In the Code of Criminal Procedure are these provisions:

"No person can be subjected to a second prosecution for a public offense for which he has once been prosecuted and duly convicted or acquitted except as hereinafter provided for new trial." Section 2350, Comp. Stats. 1921.

"When the defendant shall have been convicted or acquitted upon an indictment or information, the conviction or acquittal is a bar to another indictment or information for the offense charged in the former, or for an attempt to commit the same, or for an offense necessarily included therein, of which he might have been convicted under that indictment or information." Section 2626.

"A new trial is a re-examination of the issue in the same court, before another jury, after a verdict has been given.

The granting of a new trial places the parties in the same position as if no trial had been had, * * * and the former verdict cannot be used or referred to either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the indictment or information.'' Section 2753.

These provisions of the statute are clear and explicit, and in no wise contravene the letter or the spirit of the fundamental law. The power to grant a new trial in criminal cases constituted no part of the jurisdiction at common law. This power is in most of the states, as in this state, conferred by express legislation. In every case where we have seen the question discussed, it is assumed as a power conferred by legislation or by long usage, and in no case is it held to be a constitutional grant. It is a privilege offered by the law to the accused, in addition to the guaranties afforded by the Constitution. As the power is conferred by law, it is competent for the legislative department of the government to extend it, or to limit and modify it, at its pleasure, or to prescribe upon what terms it may be granted, so that it does not infringe upon any constitutional guaranty.

Where a constitutional right is largely for the benefit of the accused, or in the nature of a personal privilege, the law is well settled that an accused may waive such right. Walker v. State, 10 Okla. Cr. 533, 139 Pac. 711.

Where the statute so provides, a constitutional right or privilege may be waived by the accused. Starr v. State, 5 Okla. Cr. 440, 115 Pac. 356.

The public, as well as the accused, have an interest in every criminal action. The life and liberty of the citizen is a matter of supreme importance to the state, and it should not allow him to throw either away by a failure, intentionally or otherwise, to take advantage of his constitutional safe-

guards. It will not do, however, to say that, because the state has a peculiar interest in protecting the citizen accused of crime to the extent of his constitutional rights, he shall in no case be allowed to waive them, for in some cases it may be to his interest to waive them, and a denial of the right to do so would defeat the very object in view when the rights were given, and cause them to operate to the injury, rather than to the benefit of the accused.

Section 2753 provides that—

"The granting of a new trial places the parties in the same position as if no trial had been had."

This is clear and conclusive.

The Legislature has prescribed the grounds upon which a new trial may be granted, and has imposed certain conditions on the defendant, one of which is that he shall be deemed to have waived his constitutional protection against former jeopardy.

The sections above quoted measure the extent of the waiver and fix its necessity, and that necessity is that the party convicted must waive the entire right so as to bring himself within the power of the court to grant him a new trial. He makes his motion with the full knowledge of the risk he takes and with all the possible consequences. To obtain a new trial he voluntarily waives a right that neither courts nor the Legislature can take from him—a right that he surrenders for his own benefit, and the exact extent of which is plainly written, as the terms on which it could be done, if his motion is granted.

It follows that when he files his motion for a new trial he must be deemed to have waived his constitutional right to interpose the plea of having been once in jeopardy. That no

constitutional right is invaded is a self-evident proposition, for it is a privilege whch is granted of which he may, or may not, avail himself.

In conclusion we hold that the verdict is an entirety, and that a new trial obtained at defendants' instance in case of a conviction of petit larceny is a waiver of defendants' constitutional right to interpose a plea of having been once in jeopardy on the implied acquittal of grand larceny as charged in the information.

The judgment appealed from is, accordingly, affirmed.

MATSON, P. J., and BESSEY, J., concur.