## JUNE DUNCAN v. STATE.

No. A-6199. Opinion Filed May 26, 1928.
Rehearing Denied October 5, 1928.
(270 Pac. 335.)

Ahern & Fitzpatrick, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. Berry King, Asst. Atty. Gen., for the State.

DOYLE, P. J. This appeal is from a judgment of conviction, rendered upon the verdict of a jury finding "the defendant, June Duncan, guilty of assault and battery with a deadly weapon, as charged in the information herein, and assess his punishment at confinement in the state penitentiary for the term of three years."

The information charges that in Carter county, on or about the 3d day of September, 1923, "D. V. Duncan, June Duncan, and Porter Duncan, on the day and year aforesaid, did knowingly, willfully, unlawfully, and feloniously make an assault upon Howard Bigler with a certain knife, said knife being then and there a deadly weapon, in the hands of them the said D. V. Duncan, June Duncan, and Porter Duncan, and did then and there with said knife strike, cut, and stab the said Howard Bigler in and upon the back and body in a manner reasonably calculated to produce death, with the unlawful and

felonious intent then and there to kill the said Howard Bigler," contrary to, etc.

It appears from the record that the original information filed November 7, 1923, charged that on or about the 3d day of September, 1923, the said defendants did unlawfully, willfully, and feloniously, with the felonious intent to kill, cut and wound the body of Howard Bigler with a certain knife. The cause was called for trial on the 31st day of September, 1925, at which time the defendants asked for a severance, which was granted, and the state elected to try the defendant, June Duncan, and he was found guilty of felonious assault as charged in the information, and the punishment was left to the court. The defendant filed a motion for a directed verdict, also a motion in arrest of judgment, which motions were overruled. The defendant also filed a motion for a new trial, which motion was by the court sustained, after which the court directed the county attorney to amend the information. The amended information was filed. Upon arraignment, the defendants pleaded not guilty. On January 22, 1926, the case was called for trial. The defendants asked for a severance, which was granted, and the state thereupon elected to try the defendant, June Duncan.

Thereupon this defendant interposed a special plea of former jeopardy on the ground that he had been placed in jeopardy by the verdict and judgment as rendered by the court upon the former trial, which plea of former jeopardy was by the court overruled, and this ruling is assigned as error.

We are of opinion that there is no merit in this assignment. It is the well-settled doctrine in this state that a new trial granted on the motion of a defendant in a criminal case places the party accused

in the same position as if no trial had been had. Section 2753, Comp. St. 1921. Upon such new trial the defendant may be tried and convicted of any offense embraced within the information, though of a higher grade than that of which he was found guilty at the first trial. Watson et al. v. State, 26 Okla. Cr. 377, 224 P. 368.

When a new trial is granted a defendant on his own motion, he thereby waives his constitutional right to interpose the plea of having been once in jeopardy.

The Legislature has the constitutional right to prescribe conditions upon which a new trial shall be granted to a defendant who has been convicted of a crime, and the statute (section 2753) which provides that "the granting of a new trial places the parties in the same position as if no trial had been had" is not unconstitutional.' Watson et al. v. State, supra.

It follows from what has been said that the plea of former jeopardy was properly overruled.

The following brief statement of the facts will be sufficient to make clear other contentions made:

On the date charged in the information Howard Bigler was working on a Ford car, parked in an alleyway between two buildings in the town of Wirt, when another car in which the defendant and his brother and father were riding turned in the alleyway. As it passed the car on which Bigler was working, the Duncan car bumped the Bigler car, but no material damage was done to either car. Some words passed between Porter Duncan and Howard Bigler, there being some conflict in the evidence as to just what was said; and, after the Duncan car had moved on past the Bigler car, Porter Duncan stopped

his car, and the Duncans all got out. Porter Duncan and Howard Bigler then engaged in a fist fight. Porter Duncan finally knocked Howard Bigler down, and at that state Harry Bigler, brother of Howard, went in to take up the fight with Porter Duncan. D. V. Duncan, father of Porter and June, who had up to that time been holding June Duncan out of the fight, released the defendant, and went to the assistance of Porter Duncan in his fight with Harry Bigler. It was while the senior Duncan and Porter Duncan were engaged with Harry Bigler, and while Howard Bigler, as all the evidence shows, was still where he had fallen after being knocked down by Porter Duncan, and was then trying to arise, that the defendant, June Duncan, stabbed Howard Bigler with a pocketknife.

There was some evidence on the part of the defense tending to show that Howard Bigler had a piece of wood in his hand as he arose, and the defendant claims that he was trying to prevent Bigler from striking Porter Duncan when he stabbed him. There is abundance of evidence to the effect, however, that Porter Duncan was about 20 feet away from Howard Bigler at the time he was stabbed by June Duncan, and that Howard Bigler had not regained his feet at the time he was stabbed. There is some evidence also to the effect that he was still dazed from the blow of Porter Duncan, and was too weak to get up; that Howard Bigler's age at the time was 16 years; that he was stabbed in two places by the defendant; that both wounds were deep; and that they almost proved fatal, it being necessary for him to remain in a hospital for two months before his recovery.

Counsel for the defendant contend that the defend-

ant was found guilty of an offense not charged or included in the information.

It will be observed that the acts constituting the offense of "assault and battery upon another by means of any deadly weapon, or by such other means or force as is likely to produce death," are set forth in the information.

The information is also sufficient to charge a violation of the included offenses defined by sections 1757 and 1764 of the Penal Code (Comp. St. 1921). Clemons v. State, 8 Okla. Cr. 452, 128 P. 739.

The record shows that the sufficiency of the information was first challenged by a motion in arrest of judgment, which motion was properly overruled.

It is also contended that the court should have instructed the jury, not only on the law of felonious assault, but on the law of assault and battery.

No objection was made or exception taken to the instructions given by the court, and they fairly presented the entire law of the case. If the defendant was not satisfied with the instructions given by the court, he should have submitted such request for instructions as he desired. Where no request for instructions are made, it is not reversible error to fail to instruct upon any particular issue.

In the case of Gidens v. State, 31 Okla. Cr. 137, 236 P. 912, we said:

"Whether an instruction upon all the minor degrees of the offense should be given depends upon the evidence, and where, as in this case, the evidence shows that the assault was made with a sharp knife, inflicting a wound that almost proved fatal, having none of the attributes of a simple assault or of a naked assault and battery, an instruction pertaining

to simple assault or mere assault and battery is unnecessary."

The defendant, from all that the record discloses, had a fair trial. There are some conflicts in the evidence, but they were for the jury to reconcile. Upon a consideration of the whole case, no reversible error is found, and the judgment of the lower court is affirmed.

EDWARDS and DAVENPORT, JJ., concur.