## BEA CLAPP v. STATE.

No. A-9896. March 25, 1942.

(124 P. 2d 267.)

For former opinion of affirmance, see 73 Okla. Cr. 261, 120 P. 2d 381.

Jesse J. Worten and C. K. Templeton, both of Pawhuska, for defendant.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Sim T. Carman, Co. Atty., of Pawhuska, for the State.

BAREFOOT, P. J.   This case was affirmed in a decision rendered on December 10, 1941, and reported at 73 Okla. Cr. 261, 120 P. 2d 381.   A rehearing was granted and both the state and defendant have filed briefs in support of their contentions.   We have again carefully examined the record and the authorities in the briefs and have come to the conclusion that justice demands a reversal and remanding of this case for a new trial.

It is contended by the defendant that the error of the court in permitting the witnesses Dr. R. O. Smith and Thelma Reeves, the nurse, to testify, they being incompetent witnesses as was held in the original opinion, was a violation of a statutory right and for this reason defendant was entitled to a new trial as a matter of law. We do not now uphold this contention as a matter of law, but after a careful consideration of the facts in the instant case have come to the conclusion that the permitting of these two witnesses to testify, and taking into consideration the character of their testimony as applied to the facts herein, was prejudicial to the rights of the defendant, and that, by reason of the permitting of these witnesses to testify, defendant is entitled to a new trial, not because he is absolutely entitled to it as a matter of law, but because the facts in the instant case demand it. The true rule followed by this court is announced in the case of Anderson v. State, 8 Okla. Cr. 90, 126 P. 840, Ann. Cas. 1914C, 314, in subdivision (b) of paragraph 1 of the syllabus, where it is said:

"(b) The Criminal Court of Appeals never presumes error in the proceedings of a court of record. Two things must be shown by an appellant in a criminal case before a conviction will be reversed, viz., that error was committed during the trial, and that this error, unless jurisdictional, deprived the appellant of some substantial right to his material injury."

It will be noted that the last words of the quotation are "to his material injury", and that is what we are holding in this case; that the permitting of the witnesses Dr. R .O. Smith and Thelma Reeves, the nurse, to testify, they being incompetent witnesses, was a "material injury" in view of all the facts in this case.

We realize that the retrial of a criminal case is an additional expense to the county, and while it is true that a reversal is not always had because of the permitting of an incompetent witness to testify, and especially is this true under the harmless error doctrine, but after a consideration of all the facts in this case we have come to the conclusion that the same should be reversed and remanded for a new trial. It is unnecessary to state the facts here, as they appear in the original opinion.

In this connection we desire to call attention to the case of Watson v. State, 26 Okla. Cr. 377, 224 P. 368. In this case it is held that the granting of a new trial on the motion of a defendant in a criminal case places the party accused in the same position as if no trial had been had. Upon such new trial defendant may be tried and convicted of any offense embraced within the information, though of a higher grade than that of which he was found guilty at the first trial. The defendant, when a new trial is granted on his own motion, waives his constitutional right to interpose the plea of having been once put in jeopardy. See, also, State v. Behimer, 20 Ohio St. 572; Commonwealth v. Arnold, 83 Ky. 1, 4 Am. St. Rep.

114; People v. Wheeler, 79 App. Div. 396, 79 N.Y.S. 454; People v. Palmer, 109 N. Y. 413, 17 N. E. 213, 4 Am. St. Rep. 477; Oklahoma Statutes 1931, sec. 3119, O. S. A. and O. S. 1941, Title 22, § 951.

For the reasons above stated, the judgment and sentence of Osage county is reversed and remanded for new trial.

JONES and DOYLE, JJ., concur.