# In re BURL JONES.

No. A-10447.    Oct. 13, 1943.
(142 P. 2d 137.)

See, also, 77 Okla. Cr. 285, 141 P. 2d 109.

Streeter Speakman and Moraul Bosonetto, both of Sapulpa, for petitioner.

Randell S. Cobb, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and C. M. Gordon, Asst. Co. Atty., Okmulgee County, of Okmulgee, for respondent.

BAREFOOT, J.   Petitioner, Burl Jones, has filed a petition for habeas corpus, alleging that he is in custody

of John Lennox, sheriff of Okmulgee county, Okla., being charged with the crime of murder, and that an order has been made by the judge of the superior court of Okmulgee county, denying him bail upon a petition for habeas corpus heard in said court.

A rule to show cause was issued by this court, and a hearing was set for October 11, 1943. At the hearing the allegations of the petition were admitted as true.

It was alleged therein that the defendant, on January 31, 1941, was charged by information in the superior court of Okmulgee county with the crime of murder; that he was tried on such charge on February 19, 1941, resulting in a disagreement of the jurors; that defendant was thereafter admitted to bail; that he was again tried on November 17, 1941, and was convicted and sentenced to serve a term of life imprisonment in the State Penitentiary at McAlester; that his case was appealed to the Criminal Court of Appeals of this state, and on September 8, 1943, the judgment and sentence of the superior court of Okmulgee county was reversed and remanded, and the warden of the penitentiary was directed to deliver petitioner to the custody of the sheriff of Okmulgee county. That after said petitioner was delivered to the sheriff of Okmulgee county, application was made for writ of habeas corpus, asking that he be allowed bail, which said application was denied by the judge of the superior court of Okmulgee county, and as a result thereof, this application was filed in this court.

The statute with reference to the granting of bail in capital cases is section 2814, O. S. 1931, 22 O. S. A. 1941, section 1102, and is as follows:

"Bail, by sufficient sureties, may be admitted upon all arrests in criminal cases where the punishment may

be death, unless the proof is evident or the presumption great; and in such cases it shall be taken only by the Criminal Court of Appeals or a district or superior court, or by a justice or judge thereof, who shall exercise their discretion therein, having regard to the nature and circumstances of the offense, and of the evidence and to the usages of law; but if the case has been tried by jury, and the jury have disagreed on their verdict, then the above presumption is removed, and the defendant shall thereupon be entitled to bail, unless it shall appear to the court or judge thereof, by due proof, that such disagreement was occasioned by the misconduct of the jury."

This case having been before this court, we are very familiar with the facts, as shown by the record, and for the reason that the case is to be retried, we refrain from a discussion of the evidence. This defendant having been first tried in the superior court which resulted in a hung jury, and then being admitted to bail, thereafter was tried and convicted of murder and given a life sentence, which judgment and sentence was reversed by this court, we are of the opinion that petitioner is entitled to bail pending a retrial of this case.

It has been held by this court that when a case has been reversed by this court the defendant is then placed in the same position that he was in prior to the trial of his case in the lower court. Watson v. State, 26 Okla. Cr. 377, 224 P. 368; Clapp v. State, 74 Okla. Cr. 144, 124 P. 2d 267.

On the date of the hearing on the order to show cause, an order was made admitting defendant to be discharged on bail in the sum of $15,000, said bail to be approved by the court clerk of Okmulgee county. That order is now confirmed.

JONES, P. J., concurs. DOYLE, J., not participating.