Gerald L. BREWER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–14348.

Court of Criminal Appeals of Oklahoma.

March 12, 1969.

Holmes H. Colbert, Sulphur, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Charles L. Owens, Asst. Atty. Gen., for defendant in error.

BRETT, Presiding Judge:

Gerald L. Brewer, plaintiff in error hereafter referred to as defendant, was tried in the district court of Murray County on a charge of murder, but found guilty by the jury of the lesser included offense of manslaughter in the first degree and was sentenced to serve nine years in prison. Judgment and sentence was imposed by the trial court on January 3, 1967, after the court overruled defendant's motion for new trial.

Defendant was first tried by a jury on the charge of murder on May 24, 1964, but was found guilty of the lesser offense of manslaughter in the first degree, and was sentenced to serve seventeen years in the state penitentiary. His appeal to this Court resulted in the case being reversed and remanded for a new trial because of errors concerning the introduction of certain evidence. The case now on appeal came about because of the new trial di-

rected to be granted by this Court. See: Brewer v. State, Okl.Cr.App., 414 P.2d 559.

Defendant was charged with the killing of his wife, Wanda Sue Brewer. She was killed by two shots from a .22 caliber revolver, both of which shots pierced her heart. The medical testimony revealed that either bullet would have caused instant death; consequently the jury must have presumed that the first shot caused her death. Likewise, the jury must have questioned the aspect of the second bullet considering that the first, no doubt, caused her death and thereby concluded that she was incapable of pulling the trigger to fire the second bullet. Nonetheless, the jury heard the testimony of the witnesses and reached the verdict of defendant's guilt for first degree manslaughter. The verdict was reached by the jury notwithstanding defendant's testimony that the shots resulted from a struggle, between him and his wife, for the gun. Defendant testified that his wife appeared to be attempting suicide and he was trying to prevent such from occurring.

■ Defendant offers two propositions in his brief. The first one contends that defendant's second trial placed him in double jeopardy in violation of his constitutional rights; and secondly, that the trial court erred in not sustaining defendant's demurrer to the evidence.

Considering the first proposition of double jeopardy, defendant relies most heavily on the U. S. Supreme Court decision in Green v. United States, 355 U.S. 184, 78 S.Ct. 221, 2 L.Ed.2d 199, 61 A.L.R.2d 1119, in which case the Supreme Court held that Green was placed in double jeopardy in violation of the Fifth Amendment to the U. S. Constitution. He was tried the second time in the District of Columbia on a charge of first degree murder, found guilty on that charge, and was given the mandatory sentence of death, after having previously been found guilty of the lesser charge of Second Degree Murder by the first jury, when he was sentenced to serve from one to three years imprisonment. Green's first trial had been reversed and remanded for a new trial by the Court of Appeals, because the conviction was not supported by evidence.

However, the 22 Oklahoma Statutes 1961, § 951 provides as follows:

"A new trial is a re-examination of the issue in the same court, before another jury, after a verdict has been given. The granting of a new trial places the parties in the same position as if no trial had been had. All the testimony must be produced anew except of witnesses who are absent from the State or dead, in which event the evidence of such witnesses on the former trial may be presented; and the former verdict cannot be used or referred to either in evidence or in argument, or be pleaded in bar of any conviction which might have been had under the indictment of information."

The situation in the instant case is considerably different from that found in Green v. United States, supra. In this case defendant received a less severe sentence on his second trial, than he had been assessed on the first one. Also, the verdict of the jury was reached on the same lesser charge, as that reached in his first trial. Had a more severe sentence been meted out by the jury on the second trial—than that assessed on the first trial—the situation would be more nearly comparable to that of Green v. United States, supra, but such is not the fact in the instant case.

In the instant case the "new trial" resulted from defendant's appeal to this Court. The second trial was granted in accordance with the Statutes, and was intended to be a re-examination of the same fact, but subject to instructions from this Court with reference to certain evidence offered at the first trial. We do not subscribe to the philosophy that the granting of a new trial on the original indictment or information constitutes a "gamble" on the part of the defendant. Instead we view

the matter purely from the point of view of the statute, that it constitutes a re-examination of the same issue in the same court, before another jury. We believe that the late Judge Doyle was eminently correct, when speaking for the Court he provided, in Watson et al. v. State, 26 Okl.Cr. 377, 224 P. 368:

"In this state a new trial granted on the motion of the defendant in a criminal case places the party accused in the same position as if no trial had been had. Upon such new trial the defendant may be tried and convicted of any offense embraced within the information, though of a higher grade than that of which he was found guilty at the first trial."

We observe that the same conclusions were reached in: Duncan v. State, 41 Okl.Cr. 89, 270 P. 335; Hamit v. State, 42 Okl.Cr. 168, 275 P. 361; Clapp v. State, 74 Okl.Cr. 144, 124 P.2d 267; Stough v. State, 75 Okl.Cr. 62, 128 P.2d 1028; and Pierce v. State, 96 Okl.Cr. 76, 248 P.2d 633.

Consequently, as we view the instant case in comparison with Green v. United States, supra, the facts of the two cases are so completely different that the rule of former jeopardy, as set forth in the *Green* case, is not applicable to this case. To hold otherwise would be equal to saying, that whenever a new trial is granted a defendant for any reason, by either the trial court or the appellate court, it would be subject to the conclusions of the earlier jury. This position would ultimately defeat the purposes of the criminal processes of law. When a factual situation comparable to that found in Green v. United States, supra, is placed before this Court, we will consider the application of the former jeopardy rule set forth in that decision, at that time. But this case is one in which that rule is not to be applied. Therefore, we must deny defendant's first proposition.

Considering defendant's second proposition, that the trial court should have sustained his demurrer to the evidence, there is no doubt in the minds of this Court that there was sufficient evidence presented to the jury for its consideration. Admittedly, much of the evidence was circumstantial; but nonetheless, this Court has long held that a conviction may be had upon circumstantial evidence; and that such evidence and its reasonable inferences have the same probative effect as direct testimony. See: Young v. State, Okl.Cr. App., 373 P.2d 273; and Kelly v. State, Okl.Cr.App., 415 P.2d 187.

This Court has held many times that the jury is the exclusive judge of the weight of the evidence and the credit to be given to the witnesses, and where there is a direct conflict in the evidence, or it is such that different inferences may be properly drawn from it, the jury's determination will not be interfered with on the grounds that the evidence is insufficient to sustain the conviction. This Court has also held that where there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty, the case will not be reversed on a contention of the insufficiency of the evidence. See: Nichols v. State, Okl.Cr.App., 418 P.2d 77, and Payne v. State, Okl.Cr. App., 403 P.2d 791.

We therefore conclude after reviewing the record before this Court, and after considering the briefs filed, that the trial court did not commit error when it overruled defendant's demurrer to the evidence, and we deny defendant's second proposition.

We are therefore of the opinion, after considering the record and briefs before the Court that the judgment and sentence of the District Court of Murray County should be, and the same is therefore, affirmed. Affirmed.

BUSSEY and NIX, JJ., concur.