Judy **FITZPATRICK**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. M–75–475.

Court of Criminal Appeals of Oklahoma.

Nov. 6, 1975.

Rehearing Denied Jan. 12, 1976.

Harold Hall and T. Walter Newmaster, Ada, for appellant.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Doug Combs, Legal Intern., for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Judy Fitzpatrick, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Pontotoc County, Case No. CRM–74–1020, for the offense of Unlawful Possession of Marihuana in violation of 63 O.S.1971, § 2–402. The jury fixed her punishment at thirty (30) days imprisonment in the county jail, and from said judgment and sentence a timely appeal has been perfected to this Court.

Burl Griffin, County Sheriff of Pontotoc County, testified that pursuant to information communicated to him, he proceeded to a point one-half mile south of Fittstown in Pontotoc County on August 23, 1974, where he observed a pickup truck in a ditch. He stated that Detective Bob

Williams, State Highway Patrol Trooper Wylie Pitts and Deputy Sheriff Coy Young arrived on the scene of the accident soon thereafter. The witness further related that the defendant and Robert McNutt returned to the scene of the accident and that they indicated that the pickup truck involved in the accident belonged to the defendant's father. According to the witness, he noticed during his conversation with the defendant that her speech was slurred and she appeared to be "high" on something. Sheriff Griffin testified that he also noticed a strong smell of marihuana in the cab area of the pickup. The witness said that there was some type of substance found on the scene which he believed to be marihuana, but that he did not personally transport the substance to the headquarters, nor did he make the arrest of the defendant. During cross-examination, he stated that he did not check the defendant for possible injuries at the scene of the accident.

Robert E. McNutt, Jr. then testified that he was twenty-one years old and had been originally charged with Unlawful Possession of Marihuana jointly with the defendant. He entered a plea of guilty to the charge and received a one year suspended sentence except for the first thirty days which he was serving at the time of this trial. He related that on August 23, 1974, at approximately 8:00 p. m., he and the defendant were involved in an accident about two miles south of Fittstown, Oklahoma. He stated that he did not know the cause of the accident because he was asleep in the pickup. The witness then identified State's Exhibit No. 3 as the marihuana he bought on the night in question. Mr. McNutt stated that he and the defendant smoked the marihuana approximately twenty minutes prior to the accident. According to the witness, he and the defendant tried to back the pickup out of the ditch following the accident, but were unsuccessful so a tow truck was called. He further testified that the defendant was under the influence when they got out of the vehicle

following the wreck and also when the police arrived at the scene.

On cross-examination, McNutt stated that he bought and picked up the marihuana himself and that the defendant was just along with him. He drove the vehicle to Fittstown and there the defendant took over the driving. According to Mr. McNutt, he agreed to testify at this trial to the truth and that he knew of no deal made with the District Attorney in an effort to obtain his testimony.

On redirect examination, the witness stated that his attorney had talked to the District Attorney in regard to his case and that prior to entering his guilty plea he was advised that the District Attorney's recommendation would not necessarily be followed by the court and that no promises were made to him. On recross-examination, the witness testified that he saw the defendant roll a cigarette.

Bob Williams, a detective for the City of Ada, Oklahoma, was then called by the State. He testified that on August 23, 1974, he was dispatched south of Fittstown to assist the sheriff's office. Detective Williams stated that after arriving on the scene he found a pickup truck facing south off the east side of the highway. He talked to the defendant at the scene and noticed she was having trouble walking and talking and that he believed she was under the influence of something. There was a smell of marihuana coming from inside the vehicle's cab. The witness identified State's Exhibit No. 3 as the bag given to him by Deputy Sheriff Coy Young at the scene, and he also identified State's Exhibit No. 4 as the contents of the vehicle's ashtray which included a metallic object commonly known as a roach clip. He testified that he found the contents of the ashtray and that he had the evidence transmitted to the State Crime Bureau Laboratory.

Gerald Beyleu, a forensic chemist for the Oklahoma State Crime Bureau, testified that State's Exhibits Nos. 3 and 4

were tested and found to be cannabis sativa, commonly known as marihuana.

The final witness for the State was Coy Young, the Deputy Sheriff of Pontotoc County, who testified that he responded to a call concerning a wreck on August 23, 1974, and came into contact with the defendant at the scene of the accident. Deputy Young noticed the defendant was "very staggery." He identified State's Exhibit No. 3 as the bag he found in the pickup, stuck up under the running board of the front seat. The witness further related that he noticed an odor of beer and marihuana in the vehicle.

During cross-examination, Deputy Young stated that he did not know if the defendant was injured by the accident and that it was possible for an injured person to stagger following involvement in a wreck. He further testified that he did not see the defendant with any marihuana at any time. Thereafter, the State rested.

The defendant recalled Bob Williams as her first witness. He testified that he was the officer who incarcerated the defendant. He further stated that he did not detect an odor of alcohol on the defendant's breath and that although the breathalyzer test was available, it was not administered. On cross-examination, he stated that based on his experience from previous arrests, he could distinguish between a person under the influence of drugs and one under the influence of alcohol and that in his opinion the defendant was under the influence of drugs.

The defense then recalled Deputy Sheriff Coy Young who testified that the actions of a person under the influence of alcohol are similar to those of a person under the influence of drugs.

The defendant next called Wylie Pitts an Oklahoma State Highway Patrol Trooper, who testified that he came into contact with the defendant on August 23, 1974, at the scene of the accident. He stated that he did not detect an odor from the defendant. He further related that he made an accident report of the wreck and that the defendant was listed as injured. During cross-examination, Trooper Pitts testified that the defendant's injuries were very minor cuts or scratches on her leg.

The final witness for the defense was the defendant who testified that on the evening of August 23, 1974, she and Mr. McNutt were leaving Ada for a fishing trip to Tishomingo. They first drove to the home of one of McNutt's friends. She stated that she did not know the purpose for going by the friend's house, other than that McNutt said he wanted to get something to take with him on their trip. The defendant related that she waited in the pickup while McNutt went into the house to see his friend. They then drove to a grocery store in Ada where McNutt bought some beer. She testified that she drank some beer as they set out for Tishomingo. The defendant said that she was driving the pickup outside of Fittstown when McNutt started grabbing the steering wheel which caused her to have the accident. Further, she testified that she never smoked marihuana and had none in her possession.

On cross-examination the defendant testified that she had never seen State's Exhibit No. 4. She stated that Mr. McNutt did smoke one marihuana cigarette in the vehicle, but that she never saw the roach clip or the bag of marihuana. She made no attempt to stop the vehicle after she discovered that McNutt was smoking the marihuana cigarette. According to the defendant, she had hurt her leg in the accident, but did not seek any medical attention at any time.

The defendant raises three assignments of error. In the first assignment of error, she maintains that the trial court erred in overruling the demurrer to the evidence. The defendant argues that the testimony of Robert E. McNutt, Jr., originally a co-defendant in this case, was uncorroborated and that there was not sufficient independent evidence so that a reasonable man could find, beyond a reasonable doubt, that

the defendant was in any way connected with the crime charged. She supports this argument by citing 22 O.S.1971, § 742, which provides:

"A conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely show the commission of the offense or the circumstances thereof."

The defendant further contends that the State failed to present sufficient evidence to prove dominion and control of the marihuana and that joint possession cannot be established by the fact that the defendant was in the company of one having possession of marihuana in the absence of additional independent factors linking the defendant with the marihuana.

 It is uncontested that Mr. Mc-Nutt was an accomplice in the instant case. Therefore, the consideration of this matter hinges upon the adequacy of the corroboration of Mr. McNutt's testimony. This Court notes prior decisions in which we have held that evidence corroborative of an accomplice need not directly connect the accused with the commission of the crime. It is sufficient, although circumstantial, if such evidence tends to connect him with its commission. The testimony of an accomplice to sustain a conviction need not be corroborated in every particular in detail. The rule is that the testimony of an accomplice must be corroborated by such other evidence of material parts of his testimony as will tend to connect the defendant with the commission of the offense. Where the sufficiency of the evidence to corroborate an accomplice is challenged, this Court will take the strongest view of the corroborating testimony that such testimony will warrant, and, if it can say that there is corroborating evidence tending to connect the defendant with the commission of the offense, it will uphold the verdict. See *Blumhoff v. State*, 72 Okl.Cr. 339, 116

P.2d 212 (1941) and *Sanders v. State*, Okl.Cr., 341 P.2d 643 (1959).

 A review of the record discloses that Mr. McNutt's testimony was corroborated circumstantially by evidence which tended to connect the defendant with the commission of the offense. The record reveals testimony which establishes the defendant as the driver of the pickup involved in the accident. Also, Mr. Mc-Nutt's testimony was corroborated by the testimony of Sheriff Burl Griffin, Detective Bob Williams and Deputy Sheriff Coy Young in reference to the odor of marihuana in the pickup as well as the defendant's unusual behavior at the scene of the accident. Williams' testimony, as set forth in the statement of facts adduced from the transcript, reveal that Williams had observed people under the influence of alcohol and drugs and that he could distinguish the difference. He testified that based on his experience and observance, it was his opinion that the defendant was under the influence of drugs. Further, the testimony of Detective Williams and Deputy Young concerning discovery of marihuana and a roach clip in the pickup following the accident provides sufficient corroboration which tends to connect the defendant with the commission of the crime. We are therefore of the opinion that there was sufficient and adequate corroboration which tended to connect the defendant with the commission of the offense so that a conviction could be had upon the testimony of Mr. McNutt.

 Turning now to the defendant's contention that the State failed to sufficiently prove dominion and control of the marihuana by the defendant, this Court first notes that we have clearly established that a conviction may be had upon circumstantial evidence and where there is competent evidence in the record from which the jury might reasonably conclude that the defendant is guilty, the case will not be reversed on a contention of the insufficiency of the evidence. See *Brewer v. State*, Okl.Cr., 452 P.2d 597 (1969). The record

in the instant case discloses evidence which establishes that the defendant was operating the vehicle at the time of the accident; the law enforcement officers testified that they could smell an odor of marihuana in the pickup at the scene of the accident; and further, the marihuana and the contents of the ashtray were discovered in the pickup by the law enforcement officers after the accident. Still further, the law enforcement officers testified as to the defendant's unusual manner and speech at the scene of the accident and as to their opinion that the defendant was under the influence of something, coupled with the defendant's testimony that she had observed McNutt smoke a marihuana cigarette in the pickup truck just prior to the accident. This Court recognizes our previous decisions which have held that knowledge of the presence of marihuana is not sufficient for conviction for possession. This knowledge must be established along with dominion and control over the marihuana. Carefully considering the evidence as provided in the record of the instant case, this Court is of the opinion that the State has presented sufficient evidence, although circumstantial, to submit the question of knowledge, dominion and control, to the jury. Accordingly, we find the defendant's first assignment of error to be without merit.

The defendant's second assignment of error is that the court erred in allowing Robert E. McNutt, Jr. to testify as a witness and that the admission of his testimony was prejudicial and denied the defendant a fair and impartial trial. To support this, the defendant contends that Mr. McNutt was not endorsed as a witness nor was his name furnished to the defendant by the District Attorney's Office, as required in 22 O.S.1971, § 303. Further, the defendant maintains that the trial court abused its discretion in granting the motion to endorse McNutt as a witness on the day of the trial.

The record reflects that the trial court allowed the name of Robert E. McNutt, Jr.

to be endorsed as a witness at the outset of the proceedings. The court allowed the defendant an exception, to which the counsel for defendant responded, "All right." The record does not reveal any other action taken by the defendant in reference to Mr. McNutt's name being endorsed as a witness.

This Court has held that an endorsement of additional witnesses at the time of trial is within the sound discretion of the trial court and that reversible error does not occur unless the trial court clearly abuses its discretion in granting the endorsement which results in prejudice to the substantial rights of the defendant. See *McCluskey v. State*, Okl.Cr., 372 P.2d 623 (1962). Moreover, it is well established that if defendant's counsel is surprised at such action and such endorsement of an additional witness requires a production of further testimony by defendant, he should withdraw his announcement of ready for trial and should file a motion for a postponement or a continuance in which he should set out the facts constituting such surprise, and the other evidence, if any, he could produce to rebut the testimony of such additional witness if the trial of the case was continued. Where he fails to do this the error, if any, is waived. See *Songer v. State*, Okl.Cr., 464 P.2d 763 (1969) and *Paschall v. State*, 96 Okl.Cr. 198, 252 P.2d 175 (1952).

In accordance with the authorities above set forth, it is clear that the defendant waived any objection to the endorsement of the witness by failing to follow the procedure necessary to preserve this assignment of error for review on appeal. Finding no abuse of discretion by the trial court, we are of the opinion that this assignment of error is without merit.

The defendant's final assignment of error is that the verdict of the jury is contrary to the law and to the evidence and that the verdict is excessive due to passion and prejudice. He further contends that when the prosecutor asked the

defendant, "You knew it was a crime to possess it or be around it?", such questioning created prejudicial error. We need only observe that the prosecutor propounded the question, counsel for defense objected and such objection was sustained. Hence, the question, if improper, was cured by the court's action in sustaining the objection to the question. We, therefore, find this contention is without merit.

 Having heretofore determined that the evidence is sufficient to support the verdict of the jury, we have only to consider, under this assignment of error, the defendant's contention that the sentence is excessive. We find that the sentence of thirty (30) days in the county jail is certainly within the statutory range, and does not shock the conscience of this Court. We, therefore, find this assignment of error to be wholly without merit.

After considering the record and briefs before this Court, and finding no error that would justify modification or reversal, the judgment and sentence appealed from is affirmed.

BLISS, J., concurs.

BRETT, P. J., dissents.

BRETT, Presiding Judge (dissenting):

I am compelled to dissent to this decision, because I believe the offense of possession of marihuana was not proved, as to this defendant. I do not deny that there is circumstantial evidence to corroborate the fact that marihuana was smoked by someone in the pickup truck. Nor do I deny the testimony of Robert McNutt that this defendant smoked a cigarette with him as they drove down the road. But I do not find in this record any corroborating testimony to show that this defendant possessed the marihuana.

Robert McNutt testified that he bought and paid for the packet of marihuana. He later testified that he attempted to throw away the packet of marihuana, but it was subsequently found under the pickup truck by the authorities. Robert McNutt also testified that he pled guilty to the offense of possession of marihuana which had to be the same packet of substance, because he identified the packet introduced as exhibit three at this trial as being the marihuana he bought. There exists little doubt concerning defendant's knowledge of the marihuana, but there is absolutely no testimony showing that she had dominion and control of the substance, nor is there any other independent factor to prove dominion and control. This Court held in *Brown v. State*, Okl.Cr., 481 P.2d 475 (1971):

"Joint possession cannot be established by fact that defendant is or has been in company of one having possession of marihuana in absence of additional independant factors linking defendant to it."

I believe this record clearly proves that Robert McNutt possessed the only marihuana found at the scene of the accident; and therefore that this conviction should be reversed and remanded with instructions to dismiss as to this defendant.