## *Ex parte* EARL HOWARD.

### No. A-286.  Opinion Filed August 23, 1909.

### (103 Pac. 663.)

1. **COMMITMENT—Conviction of Misdemeanor.** When a county court pronounces judgment and sentence in a misdemeanor case, and the minutes of the trial recites that: "On the 12th day of May, 1908, this cause coming on a motion for a new trial, the court, being fully advised in the premises, overrules the same, and the defendant is fined the sum of $300 and costs, and 60 days in the county jail"—though somewhat informal, it is all that is necessary to support a commitment.

2. **HABEAS CORPUS—Conviction of Misdemeanor—Collateral Attack.** The petitioner was tried and convicted in the county court of Grady county for a violation of the prohibition law, and was sentenced to pay a fine of $300, and be imprisoned 60 days in the county jail, whereupon he appealed. The judgment was affirmed by the Criminal Court of Appeals and remanded, with direction to enforce the judgment.
   **Held,** that the judgment and sentence cannot be considered as void when attacked collaterally in a **habeas corpus** proceeding, on the ground that the record of the judgment is insufficient to support a commitment.

3. **JUDGMENT—Entry by Clerk.** The decision of the court is the judgment, and the entry by the clerk is the evidence of it.

(Syllabus by the Court.)

Application of Earl Howard for a writ of *habeas corpus*. Denied.

This is a petition for writ of *habeas corpus,* presented to this court on behalf of Earl Howard, who alleges that he is unlawfully imprisoned and restrained of his liberty, at Chickasha, by M. B. Louthan, sheriff of Grady county, Okla., by virtue of a certain pretended commitment issued by Hon. N. M. Williams, county judge of Grady county, which commitment is based upon a pretended judgment against petitioner, and that said pretended judgment is null and void and is of no force and effect, and by reason thereof petitioner is unlawfully restrained of his liberty "without due process of the law," in violation of the Constitution and laws of the state of Oklahoma.

The record of conviction, judgment, and sentence, a copy of which is annexed to and made a part of the petition, shows the following facts:

An information charging a violation of the prohibition law was filed in the county court of Grady county. The defendant waived arraignment and refused to plead. The court ordered a plea of "Not guilty" to be entered. The jury was selected and sworn to try the case. After hearing the evidence, the charge of the court, and the arguments of counsel, the jury retired to consider the verdict, and returned into open court the following verdict:

"Verdict of the jury. We, the jury duly impaneled and sworn to try said cause, do upon our oaths find, from the law and evidence, the defendant, Earl Howard, guilty."

A copy of the minutes of the trial reads as follows:

"Afterwards, to wit, on the 9th day of May, defendant filed his motion for a new trial. On the 12th day of May, 1908, this cause coming on a motion for a new trial, the court being fully advised in the premises, overrules the same, and the defendant is fined the sum of $300 and costs, and 60 days in the county jail. The defendant stated that he desired to appeal to the Supreme Court of the state of Oklahoma. Which said request was allowed, and bond fixed at $800, which was given and approved. The defendant is given 90 days in which to prepare a case-made, and the state is allowed 10 days from that date in which to examine and make any objections or corrections thereto. Said de-

fendant was allowed 5 days thereafter to have the same settled and approved by the court."

The commitment is as follows:

"In the County Court Within and for Grady County, Oklahoma. State of Oklahoma, Plaintiff, v. Earl Howard, Defendant. To the Sheriff of Grady County, Oklahoma: Whereas, Earl Howard, the defendant herein, was arrested and brought before me as judge of the county court of Grady county, Oklahoma, and was tried before me as said judge in said Grady county, Oklahoma, and convicted of the crime of selling intoxicating liquors, to wit, whisky; and, whereas, the said Earl Howard entered into a supersedeas bond and appealed said case to the Criminal Court of Appeals within and for the state of Oklahoma; and whereas, said Criminal Court of Appeals has affirmed the decision of this court in all things, and a mandate has been returned to this court for execution: You are hereby directed to take into your custody the said Earl Howard and to commit him to jail at hard labor in Grady county, Oklahoma, for a period of 60 days and until a fine of $300.00 is paid by him. the said Earl Howard. In witness thereof I have hereunto set my hand and official signature on this the 6th day of August, 1909. N. M. Willams."

*F. E. Riddle,* for petitioner.

*Charles L. Moore,* Asst. Atty. Gen., and *B. B. Barefoot,* Co. Atty., for respondent.

DOYLE, JUDGE. (after stating the facts as above). The petitioner complains that he is restrained of his liberty "without due process of law," because the record fails to show a sufficient judgment and sentence. On the face of the petition the writ should be denied, as it appears that all the substantial requirements of the statute were complied with, and, while the judgment is not recorded with as much precision and formality as it might have been, it nevertheless is sufficiently certain and does not appear as a recital of the clerk, but as the act and consideration of the court by which it was adjudged that defendant was guilty, and sentence was pronounced. Counsel for defendant seem to have confounded the judgment itself with the entry or record thereof. The judgment is a judicial act of the court; the entry is the ministerial act of the

clerk.   The judgment is as final when pronounced by the court as when it is entered and recorded by the clerk, as required by. statute.   The record discloses .that the judgment and sentence of the court was rendered upon the verdict of the jury, and from this judgment petitioner appealed to the Supreme Court, from that court the case was transferred to this court and a decision rendered, affirming the judgment, and the cause was remanded, with direction to the county court to cause the judgment to be executed.

It is now asserted that there was no judgment to appeal from, when said appeal was taken.   If this was a fact, it must have been known to appellant, and it was the duty of the appellant to bring the matter to the attention of the court below, or to the appellate court wherein he was asking a reversal of the judgment. Appellant's petition in error and brief on his appeal set forth the fact of a final judgment, and the recitals of the record showed the same.   A defendant cannot thus speculate on his chances to secure a reversal of a judgment and sentence and keep the point here presented in reserve to be sprung in the event his appeal fails to reverse the judgment.   Such practice is reprehensible, to say the least.   The minutes show that judgment was rendered, by the court, when rendered, against whom, for what offense, and that sentence was pronounced.   This is all that is necessary.

The cases cited by counsel for petitioner are not *habeas corpus* cases, but are cases on appeal or writ of error, and therefore can have but little, if any, application in this case.   If any judgment was rendered, the court had jurisdiction to issue the commitment. The county court of Grady county is a court of record and general jurisdiction, and all presumptions, in the absence of anything to the contrary, must be construed in its favor.   It has exclusive jurisdiction in this class of misdemeanors.   The judgment of the county court in said case, notwithstanding its alleged irregularities, cannot be considered as void, when attacked collaterally in a *habeas corpus* proceeding.

It is therefore considered, ordered, and decreed that the pe-

titioner, Earl Howard, is now lawfully in the custody of the respondent, the sheriff of Grady county.

For the reasons stated, the writ of *habeas corpus* is denied.

FURMAN, PRESIDING JUDGE, and OWEN, JUDGE, concur.