## *Ex parte* RALPH BROWN.

No. A-422.    Opinion Filed December 18, 1909.

(105 Pac. 577.)

1. **HABEAS CORPUS—When Lies—Irregularity in Procedure.** Habeas corpus does not lie to correct mere irregularity of procedure, where there is jurisdiction. There must be illegality or irregularity sufficient to render the proceedings void.

2. **COURTS—County Courts—Criminal Jurisdiction.** The jurisdiction of a county court in criminal cases is the same in all respects, whether its sessions are held at the county seat or at a county court town.

3. **JURISDICTION—What Constitutes.** When there is jurisdiction of the party and of the offense for which he was tried, the decision of all other questions arising in the case is but an exercise of that jurisdiction.

4. **COURTS—County Courts—Presumption as to Jurisdiction.** County courts are entitled to the same presumption of jurisdiction as are the district courts.

(Syllabus by the Court.)

Application of Ralph Brown for writ of *habeas corpus*. Writ denied.

The petitioner, Ralph Brown, on November 11, 1909, filed in this court a petition signed and verified by his oath, wherein he avers that he is unlawfully restrained of his liberty by one W. A. Fox, sheriff of Payne county, at and in the common jail of said county, and for the reasons stated therein petitioner prays that a writ of *habeas corpus* be allowed, and that he be discharged. On said date there was also filed a stipulation and agreed statements of facts, as follows:

"Stipulation.

"The petitioner by his attorney, Freeman E. Miller, having filed his application for *habeas corpus,* in the above-entitled cause, the state of Oklahoma, by J. W. Reece, county attorney of Payne county and by the Attorney General, waive the issuance of a formal writ in the above-entitled matter, and waive the presence of the petitioner and submit the cause to the court upon an agreed statement of facts hereto attached and marked 'Exhibit A,' and made a part of this stipulation. It is further stipulated and agreed that the petitioner is now actually confined in the county jail of Payne county, under judgment and sentence of the county court of said county, for an alleged violation of the liquor law, penalty assessed being $200.00 fine and 90 days in jail, and that the county court fixed an appeal bond in the sum of $800.00 which has not been given by the petitioner. It is further stipulated that the time for giving of said bond has not yet elapsed. It is further stipulated that the attorney for the petitioner in error may have 10 days from this date in which to file brief in support of his application, and that the state shall have 10 days additional to file answering brief. It is further hereby stipulated between the parties, that the court may fix a bond in such sum as it may deem proper for the appearance of the petitioner, pending the hearing herein.

"Dated at Guthrie, Oklahoma, this the 11th day of November, 1909.

"FREEMAN E. MILLER,
"Attorney for Petitioner.
"J. W. REECE,
"County Attorney, Payne County.
"CHAS. L. MOORE,
"Assistant Attorney General."

"Agreed Statement of Facts.

"It is hereby agreed by and between Ralph Brown and the state of Oklahoma that the following are the facts in the matter:

"That on September 30, 1909, there was filed by the clerk of the county court of Payne county, Okla., in his office at Stillwater, the county seat of Payne county, an information, duly verified, presented by J. W. Reece, county attorney, substantially charging said Ralph Brown with having, on June 10, 1909, unlawfully sold one pint of whisky to Wm. Walker for the price of $1. That said defendant, Ralph Brown, was on October 4, 1909, duly

arrested on warrant under said information, and on October 4, 1909, said defendant was duly arraigned on the charge contained in said information, in the county court of Payne county, Okla., at Stillwater and entered his plea of 'Not guilty,' and his bond fixed by said court in sum of $400. That on the 4th day of October, 1909 said county court at Stillwater set said cause for assignment at Stillwater for trial, on the 19th day of October, 1909, and defendant had due notice that cause would be assigned on that day for trial at future day. That on October 15, 1909, defendant filed in said county court at Stillwater, Okla., his written request and demand that the same be set down and assigned for trial at Stillwater. That afterwards on October 15, 1909, said county attorney filed his affidavit in said cause deposing and saying that public convenience and the convenience of the parties in interest and of the witnesses require that the hearing in the above cause be had at Cushing, Payne county, Okla. That afterwards on said 15th day of October, 1909, said county court at Stillwater, the state and defendant being present, overruled said demand and request of defendant for trial at Stillwater, and ordered and adjudged that said cause be assigned for trial at Cushing, Payne county, Okla., on the 1st day of November, 1909, and to all and each said defendant duly objected and excepted. That on Monday, November 1, 1909, the county court of Payne county convened and opened in regular term at town of Cushing, Payne county, Okla., with Hon. P. D. Mitchell, county judge, present as presiding judge; and there were also present Lulu M. Regnier, county court stenographer and ex officio clerk of county court, Al Goldsby, deputy sheriff, J. W. Reece, county attorney, and also other attorneys.

"That on said Monday, November 1, 1909, the county court of Payne county, Okla., sitting at town of Cushing, took up in order all cases set for trial for that day, and by reason of other cases standing for trial with priority, the case of State v. Ralph Brown was not called for trial until Tuesday, the 2d day of November, 1909. That afterwards on November 1, 1909, the said defendant duly filed in the county court at Cushing, Okla., his special appearance and objection to the jurisdiction of said county court sitting at Cushing to try said cause or to make any order or proceedings therein, for the reason that said court sitting at Cushing had no jurisdiction to try, hear, or determine the same, or to make any order or proceeding therein, which objection was by the county court sitting at Cushing in all things overruled, to

which action of the court the defendant at the time duly excepted. That on November 2, 1909, the said cause was called for trial, and the objection of the defendant to the jurisdiction of the court having been overruled, and the defendant having excepted thereto as aforesaid, all at the town of Cushing, Okla., the court ordered said trial to proceed; and thereupon a jury was duly impaneled, and said cause was tried at the town of Cushing, Okla., by a jury, and afterwards on the same day said jury returned into the court sitting at the town of Cushing as aforesaid their verdict finding the defendant guilty as charged in the information, and fixing his punishment at a fine of $200 and imprisonment in the county jail for 90 days. That afterwards on the 4th day of November, 1909, the defendant filed in said county court sitting at Cushing his motion for a new trial, one of the grounds therein stated being that said court sitting at Cushing had no jurisdiction to hear, try, or determine said cause, or to make any order or proceeding therein; and that afterwards on November 5, 1909, the said motion for new trial was heard and considered by the said county court at the town of Cushing, and in all things overruled, to which ruling of the court the defendant at the time duly excepted. That afterwards on said November 5, 1909, the said defendant filed in said county court at the town of Cushing, aforesaid, his motion and application in arrest of judgment, which motion and application in arrest of judgment was heard and considered by said county court at the said town of Cushing, and in all things overruled when so sitting, to which action of the court the defendant at the time duly excepted.

"That thereafter on said November 5, 1909, the said county court, while sitting at the town of Cushing aforesaid, sentenced the said defendant in said cause and entered upon his record of the proceedings of said court an entry thereof, finding him guilty as charged in the information, and sentencing him as a punishment therefor to pay to the state of Oklahoma a fine of $200 and to serve a term of 90 days in the county jail of said county, and to pay the costs of the prosecution, to which action, order, and judgment of the court the defendant at the time duly excepted. That a true and correct copy of said judgment and sentence is hereto attached as 'Exhibit A,' and made a part hereof. That a commitment on said judgment and sentence was issued by said county court on the 5th day of November, 1909, and said defendant is now confined in county jail of Payne county, Okla., by W. A. Fox, sheriff, by virtue of said commitment and judg-

ment and sentence. That the presence before this court of Ralph Brown, defendant, is hereby waived. That said defendant, Ralph Brown, at all times herein mentioned, was and is a legal resident of the immediate vicinity of town of Cushing and within two miles of the county court room in said town of Cushing. That said defendant, Ralph Brown, on the 30th day of October, 1909, presented his appearance bond in said cause, and same was duly approved, and he was at liberty, until judgment and sentence was passed upon him on November 5, 1909, as above. That said appearance bond is hereto attached as 'Exhibit B' and made a part hereof.

"Witness our hands this 11th day of November, 1909.
　　　　　"Freeman E. Miller,
　　　　　　　"For Petitioner.
　　　　"Chas. West, Atty. Gen.,
　　　　"Chas. L. Moore, Asst. Atty. Gen.,
　　　　"J. W. Reece, Co. Atty.,
　　　　　　"For Respondent."

*Freeman E. Miller,* for petitioner.

*Chas. West,* Atty. Gen., *Chas. L. Moore,* Asst. Atty. Gen., and *J. W. Reece,* Co. Atty., for the State.

DOYLE, JUDGE (after stating the facts as above.) This proceeding presents but one question. Did the county court of Payne county, convened at the court town of Cushing, have jurisdiction of the party and of the offense for which he was tried?

Article 13, c. 19, p. 255, of the Session Laws of 1907-08 entitled "An act to provide for holding sessions of the county court of Payne county, Oklahoma, at the town of Cushing, in said county," provides for holding sessions of the county court of Payne county at the town of Cushing. Section 2 of said act reads as follows:

"Sec. 2. The jurisdiction of said court shall be the same in all respects as if exercised at the county seat. Any person instituting proceedings in said court may file, at the time, an affidavit, showing that the convenience of the parties in interest requires the hearing to be had at said town, and it shall be so ordered; provided, that such parties may subsequently agree to transfer such hearing to the county seat."

The petitioner at every stage of the proceedings objected to

being tried at Cushing. Counsel for petitioner contends that the trial, conviction, and sentence in the county court of Payne county convened at Cushing was illegal, null, and void for want of jurisdiction, and argues ingeniously that the affidavit provided for in said section 2 is a necessary prerequisite to obtaining jurisdiction to try the cause at the town of Cushing. He places particular stress upon the clause fixing the time the affidavit should be filed. That portion of said section reads as follows:

"Any person instituting proceedings in said court may file, at the time, an affidavit, showing that the convenience of the parties in interest requires the hearing to be had at said town, and it shall be so ordered."

Counsel in his brief says:

"The phrase 'at the time' can refer to no time other than the time when the proceedings are instituted, and in this case they were instituted when the information was filed on September 30, 1909. They certainly had been 'instituted' long before October 4. 1909, when defendant was arraigned and entered his plea of not guilty to the charge, and long before October 15, 1909, when the defendant's written demand for a trial at Stillwater was overruled. by the county court and when the county attorney filed the affidavit for a transfer of the cause to the town of Cushing. As we view it, the law simply means that the county court at Stillwater never has jurisdiction to try a cause except by retransfer under the agreement of the parties if the affidavit for transfer has been filed at the time the proceedings are instituted, and, on the other hand, if the affidavit is not filed 'at the time' the proceedings are instituted, the court at Stillwater has full and complete jurisdiction of the case, from which it cannot be ousted by an affidavit subsequently filed, after arraignment and plea and written demand for trial by the court at Stillwater."

We cannot believe that this contention is well founded. As we view this provision, it furnishes merely a rule of practice applicable in a certain class of cases. The jurisdiction of the county court of Payne county is the same in all respects, whether the sessions are held at the county seat or at Cushing.

Section 1, art. 7, of the Constitution, provides:

"The judicial power of this state shall be vested in the Senate, sitting as a court of impeachment, a Supreme Court, district

courts, county courts, courts of justices of the peace, municipal courts, and such other courts, commissions or boards, inferior to the Supreme Court, as may be established by law."

In section 11 of said article 7 it is provided:

"There is hereby established in each county of this state a county court, which shall be a court of record."

In section 12 of said article 7 it is provided:

"County courts shall have jurisdiction concurrent with justices of the peace in misdemeanor cases, and exclusive jurisdiction in all misdemeanor cases of which justices of the peace have not jurisdiction."

In section 13 of said article 7 it is provided:

"The county court shall be held at the county seat, but the Legislature may provide for holding sessions of the county court at not more than two additional places in the county."

Section 2007, Snyder's St., provides:

"In the several counties of this state commencing on the first Mondays of January, April, July and October of each year, except as otherwise herein provided, county court shall convene at the county seat and continue in session so long as the business may require: provided, that said court shall always be open for the transaction of all probate business in their respective counties.' "

Section 2009, Snyder's St., further provides:

"If there is only one place other than the county seat at which it is provided by law for holding terms of the county court, the terms of said court at such place shall commence on the first Mondays of February, May, August and November of each year, and continue in session for the period of 3 weeks, if the public business requires it."

It appears from the agreed statement that the October term of the county court of Payne county convened at Cushing on Monday, November 1st, as prescribed by section 2009, Snyder's St., above quoted, and, in the exercise of its exclusive jurisdiction to try this class of misdemeanors, the petitioner was there tried, convicted, and sentenced for a violation of the prohibition law. Where the power of a court in a particular matter is derived directly from the Constitution, it is not a special jurisdiction, and jurisdiction will be presumed unless the contrary appears of record.

*Ex parte Earl Howard,* 2 Okla. Cr. 563, 103 Pac. 663. Section 5137, Snyder's St., provides:

"The proceedings of this court are construed in the same manner, and with like intendments, as the proceedings of courts of general jurisdiction, and to its records, orders, judgments and decrees, there are accorded like force, effect and legal presumption as to the records, orders, judgments and decrees of district courts."

We are of opinion that the manner and method of assigning criminal cases for trial by the county court of Payne county, at the county seat or at the town of Cushing, is not jurisdictional, and therefore does not present a question that will be reviewed in a *habeas corpus* proceeding. In section 6207, Snyder's St., it is provided that:

"No court or judge shall inquire into the legality of any judgment or process, whereby the party is in custody, or discharge him when the term of commitment has not expired in either of the cases following: * * * (2) Upon any process issued on any final judgment of a court of competent jurisdiction."

Upon principles which may be considered well settled by a series of decisions of this court, the writ of *habeas corpus* does not lie to correct mere irregularity of procedure, where there is jurisdiction. There must be illegality or irregularity sufficient to render the proceedings void for want of jurisdiction. *Ex parte Charles Johnson,* 1 Okla., Cr. 414, 98 Pac. 461; *In re Geo. McNaught,* 1 Okla. Cr. 528, 99 Pac. 241; *Ex parte Flowers,* 2 Okla. Cr. 430, 101 Pac. 860; *Ex parte Earl Howard, supra; Ex parte Mingle,* 2 Okla. Cr. 708, 104 Pac. 68; *Ex parte Justus, ante,* p. 111, 104 Pac. 933.

The statutes contain 37 acts creating county court towns. It is to be regretted that many of these acts were drawn carelessly and with a total disregard of legal certainty, and there seems to have been no effort to secure uniformity in their various provisions. The various acts were necessarily fruitful of legal questions. To relieve this condition the general law was passed, to wit, article 9, c. 14, p. 191, Sess. Laws 1909, providing for uniformity in the sessions of county courts in the several counties in the state, and repealing all laws in conflict therewith. This act

became effective June 11, 1909. The constitutionality of this law is unquestionable.

Viewing the law as we do, the application for writ of *habeas corpus* for the release of the petitioner will be denied.

FURMAN, Presiding Judge, and OWEN, Judge, concur.