JESSE RIPLEY v. STATE.
No. A-3363. Opinion Filed June 26, 1920.
(190 Pac. 710.)

Appeal from Superior Court, Creek County; G. R. Wilcox, Judge.

Jesse Ripley was convicted of the crime of conveying intoxicating liquors, and he appeals. Affirmed.

Asp, Snyder, Owen & Lybrand and R. B. Thompson, for plaintiff in error.

S. P. Freeling, Atty. Gen., and W. C. Hall and E. L. Fulton, Asst. Attys. Gen., for the State.

PER CURIAM. Jesse Ripley was convicted in the superior court of Creek county of the crime of conveying intoxicating liquors from one place within the state to another place therein on an amended information filed in said court by the county attorney of said county on the 22d of November, 1917, charging the offense as committed on or about the 21st of May, 1917. The punishment imposed was a fine of $250 and imprisonment for a period of 90 days in the county jail. The trial in which the conviction resulted was had on the 5th day of March, 1918, and it appears from the record that the defendant had at a previous term of the superior court been tried for the same offense. At both trials the defendant interposed a plea to the jurisdiction of the superior court over the subject-matter of the ac-

tion. This plea was based on the proposition that the county attorney of Creek county had previously filed an information against the defendant, Ripley, in the county court of Creek county, charging this identical offense, and that the county court had transferred said cause to the superior court, but that the court clerk had failed to transfer the original information and other papers on file in said cause from the county court to the superior court. The plea is based upon the assumption that the defendant Ripley was tried upon an information transferred from the county court to the superior court, but the record does not support any such assumption. The record clearly discloses that the defendant was tried upon an amended information, filed originally in the superior court of Creek county, charging this offense, which information amended an information also originally filed in said court. The filing of such an information in said court gave the superior court jurisdiction of the subject-matter of the offense, the crime charged being a misdemeanor over which the law clothed the superior court of that county with jurisdiction, it being alleged in the information that the crime was committed in Creek county. It also appears that the superior court acquired jurisdiction of the person of the defendant in this cause. He was present in court, both at the term at which a conviction was had and also at a previous term of the court, and had entered a plea of not guilty to the crime. In Ex parte Ralph Brown, 3 Okla. Cr. 329, 105 Pac. 577, it is held:

"When there is jurisdiction of the party and of the offense for which he was tried, the decision of all other questions arising in the case is but an exercise of that jurisdiction."

This court is clearly convinced from an examination of the record that the superior court of Creek county had jurisdiction of the subject-matter of the offense charged in the information upon which the defendant was tried, and also jurisdiction over the person of the defendant, and that the plea interposed to the jurisdiction of the court over the subject-matter of the offense was not well taken, and was properly overruled, because the same was based upon the assumption that the superior court of Creek county was proceeding to try the defendant upon an information transferred from the county court of said county, when in truth and in fact the superior court of Creek county tried the defendant upon an information originally filed in said court charging this offense. For reasons stated, the judgment of conviction is affirmed.