## ROBERT LEWIS v. STATE.

No. A-9385. Jan. 7, 1938.
(75 P. 2d 480.)

P. A. Chappelle, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Holly L. Anderson, Co. Atty., for the State.

BAREFOOT, J.  The defendant was charged in Tulsa county with the crime of burglary in the first degree, was tried, convicted, and sentenced to serve a term of seven years in the penitentiary, and has appealed.

The record in this case discloses that an information was filed against the defendant in the district court of Tulsa county on October 27, 1936, charging him with the crime of burglary in the first degree.  He was arraigned on October 29, 1936, and counsel appointed to defend him. He was tried on November 13, 1936, and found guilty by a jury and his punishment left to the court.  His counsel filed a motion for a new trial and a motion in arrest of judgment.  On December 5, 1936, the court sustained the motion for new trial, and the defendant was given a new trial, and the state was granted permission to file an amended information.  Permission to file the amended information was granted over the objection of defendant.

On January 16, 1937, an amended information was filed, and on December 17, 1937, defendant was arraigned and the same counsel was reappointed to defend him. After filing a motion to quash and a demurrer to the information, counsel for defendant on March 8, 1937, filed a plea of former jeopardy. On the same day the case was called for trial, and the court, after hearing the plea of former jeopardy, overruled the same, and the defendant waived a jury and the case was tried before the court, and the defendant was found guilty and his punishment was assessed at seven years in the penitentiary. He has appealed from this judgment and sentence and assigns as error the overruling of his plea of former jeopardy.

A motion has been made by the state to dismiss the appeal for the reason that the certificate of the trial judge signing and settling the case-made was not attested by the court clerk with the seal of the court attached thereto, and for the further reason that the case-made was not filed in the office of the court clerk of Tulsa county. An examination of the record discloses that the allegations made in the motion are true. The seal of the clerk is not attached to the certificate of the trial judge, and the case-made was never filed in the office of the court clerk after the same was signed and settled as provided by the statutes. Under the former holdings of this court we would be justified in dismissing the appeal in this case. No response to the motion of the Attorney General has been filed by defendant. Humphrey v. State, 3 Okla. Cr. 504, 106 Pac. 978, 139 Am. St. Rep. 972; Cook v. State, 3 Okla. Cr. 426, 106 Pac. 558; Duval v. State, 6 Okla. Cr. 605, 115 P. 1024; Dobbs v. State, 5 Okla. Cr. 475, 114 Pac. 358, 115 Pac. 370. Such has also been the holding of the Supreme Court of this state. Graham v. Atwood, 41 Okla. 30, 136 Pac. 1080, and cases cited therein.

There, however, appears a certificate in the case-made signed by the court clerk "that the foregoing case-made and record contains a full, true and complete transcript of the record in the above entitled cause," but to this certificate the seal of the court clerk is not attached. This court has held that, where the case-made has been stricken, if the certificate of the clerk is properly certified, the case-made may be considered as a transcript. Under the Oklahoma Statutes 1931, § 535, 12 Okla. St. Ann. p. 354, § 959, it is provided:

"If, after any record or case-made is filed in the appellate court, in either a civil or a criminal cause, it shall appear that any matter which is of record in the court from which the appeal is taken, touching the cause appealed, or that any evidence heard on the trial of said cause, or that any statement or certificate or motion, or other matter is omitted from such record or case-made, or are insufficiently stated therein, the appellate court may, on its own motion, or on motion of any party to such cause, may, within a reasonable time, to be fixed by the appellate court, if in session, and if not in session to be fixed by any justice of that court, prepare such omitted parts and file such corrections in the appellate court, with like force and effect as though such corrected or added parts had been originally incorporated in the record or case-made, when first filed, and no appeal shall be dismissed by reason of such errors or omissions, until an opportunity be given to supply such corrections, and if ordered by the court on its own motion, the parties shall be given reasonable notice of the time allowed, and if made on the motion of one of the parties, the party desiring to amend must give to the opposite parties such notice as the court may by rule prescribe; or the parties, appellant and appellee, may by written agreement file such corrections. If such corrections be not made within the time so allowed, then the appeal may be dismissed, or judgment be affirmed, as the court may deem proper, and such order to correct, or leave so to do, may be had

at any time before the cause is finally decided by the appellate court."

Under this statute this court would have the right, upon its own motion, to return the case-made to the trial court for the purpose of having the court clerk attach his seal thereto in order that the record might be considered as a transcript and for the further correction to show that the same had been filed in the office of the court clerk. This we would be inclined to do to the end that the defendant have considered the question raised by his appeal if it were not for the fact that we have carefully examined the question raised by defendant and find that this court has heretofore passed directly upon the question involved in this case. See Johnson v. State, 1 Okla. Cr. 321, 97 Pac. 1059, 18 Ann. Cas. 300; Watson v. State, 26 Okla. Cr. 377, 224 Pac. 368; Duncan v. State, 41 Okla. Cr. 89, 270 Pac. 335; Snelling v. State, 41 Okla. Cr. 124, 125, 271 Pac. 687.

We are not in sympathy with technical constructions of the statutes which deprive defendants of having considered the question involved in their appeal, and, if there were any merit in the contention of the defendant in this case, we would be constrained, upon our own motion, to return the case-made to the trial court for proper corrections, but an examination of the question involved makes it unnecessary.

For the reasons above stated, the appeal in this case is dismissed.

DAVENPORT, P. J., and DOYLE, J., concur.