## HOMER BUFFALOHIDE v. STATE.

No. A-9322.  Feb. 18, 1938.
(76 P. 2d 914.)

L. A. Justus, Jr., of Pawhuska, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Sim T. Carman, Co. Atty., of Pawhuska, for the State.

BAREFOOT, J. The defendant was convicted of the crime of perjury in the district court of Osage county, was sentenced to serve a term of two years in the penitentiary, and has appealed.

At the outset of this case we are confronted by a motion filed by the state to dismiss this appeal, for the reason that the case-made and record does not contain a copy of the judgment referred to in the petition in error, nor of the journal entry of the judgment and sentence from which an appeal is attempted to be taken. This motion was filed in this court on the 17th of November, 1937, and an affidavit attached thereto shows that a copy was mailed to the attorney for defendant at his proper address on the same date. Since this case was submitted for the consideration of the court, members of the court have written two letters to the attorney for defendant, calling his attention to this motion, and requesting him to file a response to the motion to dismiss, or appear before the court and give information as to whether a judgment and sentence had been rendered in this case, to the end that the case-made might by this court be returned to the trial court for the purpose of correcting the same, so that any judgment or sentence rendered against this defendant could be shown therein. No response has ever been filed and no appearance made before the court. Under section 535, Okla. Stat. 1931, Okla. St. Ann. tit. 12, § 959, p. 354, we have the right, on our own motion, to return the case-made for correction, as has been recently held in the case of Lewis v. State, 63 Okla. Cr. 320, 75 P. 2d 480, rendered by this court on

January 7, 1938. We presume that the record of the court clerk of Osage county shows no judgment, and for this reason no response was filed or appearance made. The case-made filed in this court does not show any judgment and sentence to have been entered. No minutes appear in the record showing the motion for new trial to have been overruled and defendant thereafter sentenced. In an early case of Earl Howard v. State, 2 Okla. Cr. 563, 103 P. 663, this court held:

"The decision of the court is the judgment, and the entry by the clerk is the evidence of it."

The court holding that the minutes of the clerk were sufficient. But in the case at bar there is no judgment shown by the record, nor by the minutes of the court. It therefore follows that the motion to dismiss the appeal should be sustained in this case.

We will state that this court does not favor the dismissal of appeals in criminal cases on technicalities. If the defendant or his attorney had filed a response to the motion to dismiss, and could have shown that a judgment had been rendered against the defendant, we would have permitted the withdrawal of the record, and a correction made thereof to show the actual judgment rendered. However, in dismissing this appeal we desire to state that we have carefully read the record and find no fundamental error was made in the trial thereof. The evidence was sufficient to sustain the judgment, the information was in proper form, and the instructions of the court properly submitted the issues to the jury, and the defendant was given a fair and impartial trial.

For the reasons above stated the appeal in this case is dismissed.

DAVENPORT, P. J., and DOYLE, J., concur.