**Ernest G. POINDEXTER, Appellee,**

**v.**

**RED BALL MOTOR FREIGHT, INC., a Foreign Corporation, and Transport Insurance Company, a Foreign Corporation, Appellants.**

**No. 47910.**

Court of Appeals of Oklahoma, Division No. 2.

Feb. 17, 1976.

Rehearing Denied March 8, 1976.

Certiorari Denied April 13, 1976.

Released for Publication by Order of Court of Appeals April 15, 1976.

Stephen G. Fabian, Jr., Philip Holmes, Philip Holmes, Inc., Oklahoma City, for appellee.

George F. Short, Robert C. Margo, Pierce, Couch, Hendrickson & Short, Oklahoma City, for appellants.

NEPTUNE, Judge.

This appeal is from a judgment based on jury verdict in a negligence action wherein plaintiff was awarded damages for personal injuries.

Plaintiff Poindexter, a truck driver, pursuant to instruction from his employer, went to a company in Okmulgee where he picked up a load of glass and transported it to the Capitol Glass Company in Baton Rouge, Louisiana. At Capitol Glass in Baton Rouge, when plaintiff's trailer was being unloaded it was discovered that some of the crates were marked for shipment to a company in Gulfport, Mississippi. Since plaintiff's employer was not authorized to travel to Mississippi, plaintiff was instructed by his boss in Oklahoma to take the Mississippi shipment to defendant Red Ball Motor Freight, Inc.'s dock in Baton Rouge. At defendant's yard, the freight-dock foreman looked at the load and told plaintiff that if he wanted to get the shipment unloaded, he, plaintiff, would have to help because there were not enough men at the dock at that time to do the job without him. Plaintiff helped.

The crates were to be transferred to another trailer by way of the loading dock of defendant. While in the process of moving a large crate weighing about 1,500 pounds, plaintiff was instructed to place a piece of pipe under the crate so the crate could be rolled along the dock. Plaintiff was told to put the pipe at an angle rather than perpendicular to the sides of the crate. When plaintiff questioned the advisability of putting the roller at an angle, the supervising employee of defendant assured plain-

tiff that the pipe would not roll out from under the crate. When the crate was moved, however, the pipe rolled out from beneath the crate, which tipped and fell upon plaintiff, severely injuring him.

Plaintiff's petition for damages alleged negligence of defendant Red Ball Motor Freight in failing to provide facilities, equipment, and employees to unload plaintiff's truck and in negligently instructing plaintiff on the method of positioning the pipe, thereby causing the injury. Transport Insurance Company was named a party defendant because it was the liability insurance carrier of Red Ball Motor Freight.

Defendants' answers pleaded a general denial, unavoidable accident, contributory negligence, and assumption of risk.

 The trial court submitted the case to the jury under instructions which said that defendant Red Ball Motor Freight and plaintiff were engaged in a joint effort to unload and reload the crates and that each owed the other the duty of exercising ordinary care. Instructions also included contributory negligence and assumption of risk. The jury verdict was for plaintiff in the amount of $15,000. Motion for new trial was filed. The record ends there.[1] Defendants appeal.

Appellants' first proposition is:

"Defendant's demurrer to the evidence should have been sustained, there being an obvious danger of which plaintiff was aware and appreciated thereby abrogating any duty of defendant to plaintiff."

 The principle of law applicable to this case is stated in *Foster v. Harding,* Okl., 426 P.2d 355 (1967) as follows:

"[D]emurrer to plaintiff's evidence should be overruled unless there is an entire absence of proof tending to show a right to recover; and, in passing upon a demurrer to the evidence, the trial court must consider true all of the evidence favorable to the party against whom the demurrer is directed together with all inferences that may be reasonably drawn therefrom and disregard all conflicting evidence favorable to the demurrant."

Appellee's brief in support of the judgment is not in compliance with the rules of the supreme court and should be stricken.[2]

 Appellants argue that plaintiff-appellee knew and appreciated the danger attendant to the roller being placed and voluntarily proceeded despite the known danger.

The evidence supports the argument that appellee had very little experience in

---

1. The record contains neither a journal entry of judgment nor an order overruling the motion for new trial. It contains no final order. This failure in the past has been held to result in there being no jurisdiction in the appellate court to resolve anything. *Buffalohide v. State,* 64 Okl.Cr. 15, 76 P.2d 914 (1938); *Schuck v. Moore,* 48 Okl. 533, 150 P. 461 (1915). Defective records, however, do not keep the appellate court from asserting jurisdiction if a proper petition in error is timely filed. 12 O.S. 1971 §§ 990, 992; *In re Estate of Reagan,* Okl.Ct.App., 533 P. 2d 1004 (1975). When so fundamental a document as the final order appealed from does not appear in the record, the appellate court before it exercises its jurisdiction should require that the record be made to show such order. If the appellant neglects to make the record so show, after the court's order so directing, the appellate court may

justifiably dismiss the appeal. In this case, the clerk's minute record indicates the motion for new trial was overruled October 2, 1974.

2. Appellee's brief does not comply with the Rules of the Supreme Court, 12 O.S.1971, Ch. 15, App. 1 in the following particulars: (1) Rule 13—Parties are improperly identified; brief cover does not contain the nature of the action. (2) Rule 14—Missing from the brief are: (a) a subject index of the matter in the brief with page references; (b) indexed, concise statement of the question discussed; (c) each question or principle numbered and stated; (d) citations properly arranged in support of propositions; (e) page references. (3) Rule 15—References to transcript are inadequate. (4) Rule 19—Sheets are not fastened as prescribed. (5) Rule 24 —Pages are not numbered.

freight handling and that he was confronted with the directions from experienced freight handlers and the freight-dock foreman, who was responsible for the operation, and that he thereby became misled as to the safety of the endeavor. Clear it is from the evidence that there was an inadequacy of men or equipment to move the particular item. Moreover, it seems to us that appellants are in a poor position to insist on an obvious or appreciated danger when, through appellant Red Ball Motor Freight's experienced freight handlers, it specifically advised plaintiff-appellee that the procedure was safe when he raised the question.

■ Further argument by appellants under this proposition urges that the cases of *Nicholson v. Tacker,* Okl., 512 P.2d 156 (1973) and *Smith v. American Flyers,* Okl. Ct.App., 540 P.2d 1212 (1975) require as a matter of law a ruling that defendants-appellants owed no duty to appellee in the presence of an obvious danger. We are not convinced that the existence of an obvious danger eliminates the duty to exercise ordinary care. Neither the authorities cited nor good reason supports appellants' contention. The trial court correctly submitted the matter to the jury.

■■ Appellants' second proposition is: "It was error for the trial court to allow Jack Reeves to testify as an expert wit-

ness, the province of the jury being invaded thereby."

Witness Reeves, the manager of the terminal of appellee's employer, was called to testify as to whose duty it was to unload the glass. He testified that the company's tariff provided the rules as to unloading and loading. The tariff was introduced into evidence as an exhibit, and the witness was permitted to testify that the consignee had the duty to unload freight and that such was shown in the tariff. Appellants contend that this prejudiced them.

Appellants do not demonstrate how the witness's explanation of the tariff prejudiced appellants. The court recognizes that anyone experienced with tariffs could be helpful in enlightening the jury as to their meaning. In the absence of a showing how this testimony prejudiced a litigant, it is not reversible error. A judgment will not be reversed for error in admission or rejection of evidence where it does not appear to the court, after an examination of the entire record, that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right. *Yarbrough v. Bellamy,* 197 Okl. 493, 172 P.2d 801 (1946).

The judgment is affirmed.

BACON, P. J., and BRIGHTMIRE, J., concur.