Donald C. WILLITT, Robert G. Baughman, Morris W. Parker, Robert N. Hahne, Glenn Hahne, Jr., and Dean Monigold, Appellees,

v.

ASG INDUSTRIES, INC., Appellant.

No. 49725.

Supreme Court of Oklahoma.

Jan. 10, 1978.

J. Douglas Mann, Rosenstein, Fist & Ringold, Tulsa, for appellant.

Steph & Humphrey, Okmulgee, for appellees.

LAVENDER, Vice Chief Justice:

The facts and merits of this litigation, including the appeal, are not material to the issue before this court. A summary description shows certain individuals brought an action for severance pay. The employer, and corporate defendant, sought to appeal an adverse judgment that it believed the trial court rendered against it. The Court of Appeals entered an order dismissing the appeal for lack of a journal entry of judgment. That order determined a journal entry of judgment to be a jurisdictional necessity.

Trial was to the court. Transcript suggests findings and judgment by trial court

at the conclusion of the hearing with a journal entry to follow.[1] Defendant corporation perfected its appeal, which was assigned to the Court of Appeals, Division 2. All parties briefed on the merits. Court of Appeals could find no journal entry of judgment of record. It issued a show cause order directed to appellant as to why the appeal should not be dismissed for failure of the record to contain a journal entry of judgment. Appellant filed a brief in response to the show cause order. Argument was made no written judgment was necessary and, if·so, then the reviewing court had power to order the record before it supplemented with a journal entry.

Court of Appeals ordered dismissal of the appeal. That order recited that a journal entry of judgment was a jurisdictional necessity, and without it there was nothing to review. Appellant sought rehearing and made application to apply to the trial court for a journal entry of judgment nunc pro tunc. Rules on Perfecting a Civil Appeal, 12 Ch. 15–App. 2, Rule 1.24(b). Rehearing was denied. The application was not acted upon.

We believe the show cause order, the subsequent dismissal, and the failure to act on the application for leave to seek a journal entry nunc pro tunc in the trial court were not correct. This procedure and jurisdictional recitals in the dismissal order are contra to the footnote[2] discussion in Division 2's opinion of *Poindexter v. Red Ball Motor Freight, Inc.*, Okl.App., 548 P.2d 1054, 1056 (1976). There, defective records did not defeat jurisdiction if a proper petition in error is timely filed. If a fundamental document does not appear in the appeal record, the appellate court should require the record to show the document. If appellant neglected to make the record so show, after the court's order so directing, the appellate court may then justifiably dismiss the appeal. Here, there was no order of the appellate court requiring the journal entry to be shown of record and directing the appellant to make the record so show. The appellant, although somewhat belatedly, was attempting to do that through its application under Rule 1.24, supra.

Order of dismissal dissolved, appeal reinstated, and cause remanded to the Court of

---

1. Concluding portion of the transcript of hearing reads:

    "THE COURT: Court is in session. Let the record show both sides are present and ready to proceed. *The Court having considered the argument and testimony, the exhibits offered, finds for the Plaintiff* in the following manner: That the Administrative Procedure introduced herein, 9329, effective 12/28/71, is in full force and effect at the time of the termination; that *the amount due and owing under Roman Numeral VI, paragraph A(4) is applicable.* The Court finds that the weekly earnings as set out in A(4) paragraph refers to a base pay and the Court considers that to be the gross pay. *The Court does not deduct the two (2) weeks that was testified to as having been paid.* In the Plaintiffs' Petition there is a request for an amount for attorney's fee and the *Court denies an attorney's fee, but does assess the cost to the Defendant.*

    "MR. MANN: Show our exception.

    "THE COURT: Show an exception to the ruling of the Court—is that for both sides?

    "MR. STEPH: Yes, sir. I would ask that he be required to have supersedeas bond.

    "THE COURT: Not until he files a Notice of Intent to Appeal and it will be—I don't know at this time what he intends to do. *If you will prepare a Journal Entry* along these lines, sub-

mit it as to form to Mr. Mann, for his approval as to form, showing his exception, *then I will sign it.*" (Emphasis added.)

2. Footnote 1 to *Poindexter, supra*, states:

    "The record contains neither a journal entry of judgment nor an order overruling the motion for new trial. It contains no final order. This failure in the past has been held to result in there being no jurisdiction in the appellate court to resolve anything. *Buffalohide v. State*, 64 Okl.Cr. 15, 76 P.2d 914 (1938); *Schuck v. Moore*, 48 Okl. 533, 150 P. 461 (1915). Defective records, however, do not keep the appellate court from asserting jurisdiction if a proper petition in error is timely filed. 12 O.S.1971 §§ 990, 992; *In re Estate of Reagan*, Okl.Ct. App., 533 P.2d 1004 (1975). When so fundamental a document as the final order appealed from does not appear in the record, the appellate court before it exercises its jurisdiction should require that the record be made to show such order. If the appellant neglects to make the record so show, after the court's order so directing, the appellate court may justifiably dismiss the appeal. * * *"

    Principal subjects in the footnote became editorial headnotes 1, 2, 3 in the reported opinion.

Appeals, Division 2, with directions as found in this opinion.

ORDER DISSOLVED; APPEAL REINSTATED; AND CAUSE REMANDED TO COURT OF APPEALS, DIVISION 2.

WILLIAMS, IRWIN, BERRY, BARNES and DOOLIN, JJ., concur.

HODGES, C. J., concurs in result.