**Lester Lee HUFF, Executor of the Estate of Leora Isabel Huff, Appellant, Cross Appellee,**

v.

**Joanne HUFF and Joanne Huff, Administratrix of the Estate of Alfred Jack Huff, Appellee, Cross Appellant.**

**No. 59753.**

Supreme Court of Oklahoma.

July 17, 1984.

---

G. Douglas Hamilton, Oklahoma City, for appellant, cross appellee.

Gary G. Prochaska, Foshee & Yaffe, Oklahoma City, for appellee, cross appellant.

OPALA, Justice:

1. Invoking *sua sponte* a perceived fatal defect—the insufficiency of a single allegation in the appellant's motion for new trial to support his argument on appeal under the strictures announced in *Federal Corporation v. Ind. School District* [1]—the Court of Appeals dismissed appellant's appeal and decided the appellee's counter-appeal.

2. Appellant urges on certiorari that the trial judge was clearly apprised, at the hearing on the motion for new trial, of the *single* error appellant urged below in support of his plea for re-examination of the trial court's decision. He tenders with his petition for certiorari a trial judge's affidavit that supports his position. The affidavit fails to state clearly that appellant's efforts to supply the requisite specificity at the hearing below were not met with any objections from appellee. The record before us does not contain a written memorial of the trial court's order denying appellant's new trial motion.

3. When the record is incomplete for lack of a fundamental instrument or of a critical part of some proceeding, the appellant should be afforded the opportunity to supply the deficiency by nunc pro tunc correction. If this is not done within the prescribed time, the appeal may *then* be dismissed.[2]

1. Okl.App., 606 P.2d 1141 [1980]. *Federal Corporation* held the plaintiff's motion for new trial was too vague and general to apprise the trial court meaningfully of the reasons on which relief was sought. The decision is authority for the view that, under the terms of 12 O.S. 1981 § 991(b), a motion for new trial, couched in vague and general terms, will not preserve for review any specific complaints about proper parties, their appearance, venue and attorney's fees.

2. *Willitt v. ASG Industries, Inc.,* Okl., 572 P.2d 1296, 1297 [1978].

4. On consideration of appellant's petition, certiorari is granted and the dismissal of appellant's appeal for want of reviewable issues is vacated.[3] The appeal is remanded for its reconsideration in accordance with this court's pronouncement in *Horizons, Inc. v. KEO Leasing Co.*[4]

5. Before proceeding to reconsider the case, the Court of Appeals shall afford the appellant an opportunity to amend the record nunc pro tunc before the trial court sitting as a special master,[5] upon proper application therefor and on due notice to the opposite parties, by incorporating therein a written memorial of the proceedings on his motion for new trial showing that, at the hearing upon that motion, appellant did bring himself within that exception to the strictures of our pronouncement in *Federal Corporation* which came to be recognized by this court's opinion in *Horizons, Inc.*

After supplemental record is redeposited, the Court of Appeals shall redetermine, in light of our pronouncement in *Horizons, Inc.*, whether the errors appellant seeks to present by his appeal herein were properly preserved for corrective relief in the course of proceedings on appellant's motion for new trial. Pending reconsideration of the appeal, final disposition of the counter-appeal[6] shall stand deferred.

BARNES, C.J., SIMMS, V.C.J., and HODGES, LAVENDER, DOOLIN, WILSON and KAUGER, JJ., concur.

HARGRAVE, J., dissents.

**3.** This court has always been generous in affording the appellant an opportunity to correct curable jurisdictional defects which facially appear fatal to the appeal. *Grayson v. Damme,* 59 Okl. 213, 159 P. 1159 [1916] and *Cunningham v. McCray,* 137 Okl. 300, 279 P. 354, 355 [1929].

**4.** Okl., 681 P.2d 757 [1984]. *Horizons, Inc.,* which recognized an exception to the rule announced in *Federal Corporation,* held that, "any lack of specificity in the language of a new trial motion will be regarded as effectively cured by record showing that, at the hearing on that

motion, the movant, *without any objection from the opposite party,* precisely identified each point of law which is fairly comprised in the general allegations of the defective motion". [emphasis added].

**5.** *Werfelman v. Miller,* 180 Okl. 267, 68 P.2d 819, 820 [1937].

**6.** For the difference between a cross-appeal and a counter-appeal see *Spears v. Preble,* Okl., 661 P.2d 1337, 1344 [1983] (Opala, J., concurring).