## VICTOR BONHAM v. STATE.

No. A-809.    Opinion Filed October 14, 1911.

(118 Pac. 149.)

1.  **JUDGES—Application for Change—Denial.** An application for change of judge, made conformably to section 1984, Snyder's Stat., which section was repealed by section 2012, is insufficient, and was properly denied.

2.  **NEW TRIAL—Grant of New Trial—Former Jeopardy.** When a new trial is granted on the motion of the defendant, the granting thereof places him in the same position as if no trial had been had.

(Syllabus by the Court.)

*Appeal from Coal County Court; R. H. Wells, Judge.*

Victor Bonham was convicted of violation of the prohibition law, and appeals. Affirmed.

*G. T. Ralls,* for plaintiff in error.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

DOYLE, J.  The plaintiff in error was convicted in the county court of Coal County of the crime of having possession of intoxicating liquors with the intention of violating the provisions of the prohibition law, and on May 3, 1910, was sentenced to be confined in the county jail for a period of 100 days, and to pay a fine of $250. From this judgment, he appealed, by filing in this court, on June 27, 1910, a petition in error with case-made.

It is assigned that: "The court erred in refusing to certify his disqualification to try said cause." The record shows the filing of the statutory affidavits for a change of judge, conformably

to section 1984, Snyder's Stat. 1909. This section was repealed by section 2012, Snyder's Stat. The application for a change of judge was properly overruled.

It is also assigned that: "The court erred in overruling the motion to set aside the information." The motion is as follows:

"Motion to Set Aside. Comes now the defendant herein and moves the court to set aside the information herein filed and dismiss this cause, for the following reasons: (1) This cause is the same cause which was tried in the county court at its April, 1909, term as number 348. Said cause was tried to a jury at said term of court, and a verdict of guilty was rendered against this defendant; and thereafter, on the 9th day of April, 1909, a motion in arrest of judgment was filed by the defendant, which motion was sustained, and the court gave the county attorney time in which to file an amended information, and the said county attorney failed and refused to file an amended information, whereupon the court made an order dismissing the said cause. (2) The said county attorney having failed and refused to comply with the order of the court in filing an amended information is without authority to file a new information as a new action against this defendant. (3) The court is without authority to try the defendant upon this information as a substitute for the amended information ordered by the court, and is without authority to again put the defendant in jeopardy for the same offense. [Signed] C. M. Threadgill, Attorney for Defendant."

This motion was not verified; nor was the record in the other cause offered in support thereof. Omissions or defects in a motion to set aside an indictment or information cannot be supplied or cured by inference or intendment. It was not requested that the motion to set aside be treated as a plea of former jeopardy, and no such plea was entered. The record before us fails to show the ruling of the court upon such motion; however, when a new trial is granted on the motion of the defendant, the granting thereof places him in the same position as if no trial had been had. If it was not overruled, it should have been.

The other assignments go to the correctness of the instructions given. We have carefully examined the record, and we find the instructions fairly state the law. The evidence is conclusive

Syllabus.

of the guilt of the defendant; he had a fair and impartial trial, and his conviction was just and right.

The judgment is therefore affirmed, and the cause remanded to the county court of Coal county, with direction to enforce its judgment therein.

FURMAN, P. J., and ARMSTRONG, J., concur.