In the Matter of the Habeas Corpus of
**Floyd HANGER, Jr.,**
No. 62231 OSP.

No. A–13029.

Court of Criminal Appeals of Oklahoma.

July 26, 1961.

Ewing C. Sadler, McAlester, for petitioner.

Mac Q. Williamson, Atty. Gen., Lewis A. Wallace, Asst. Atty. Gen., for respondent.

BRETT, Judge.

This is the second petition for writ of habeas corpus raising the identical question, which is that the judgment and sentence under which petitioner is being restrained is void for lack of jurisdiction to entertain the same, petitioner being of unsound mind.

It appears that on May 6, 1959 in Cleveland County, Oklahoma, the defendant entered a plea of guilty to a charge of indecent acts towards a minor child under the age of fourteen years, after former conviction of a felony, and was sentenced to a term of ten years in the state penitentiary. No question of defendant's sanity was raised at that time. The judgment and sentence was, therefore, valid on its face.

It appears in this proceeding that the defendant has attached a deposition by an eminent psychiatrist, taken in another proceeding wherein the psychiatrist testified that the petitioner, though a sex deviate in molesting little girls, was able to distinguish between right and wrong. The record herein is to substantially the same effect. This being true, the court's jurisdiction was well established on that ground.

There is nothing new urged in this petition that was not presented in Hanger v. Raines, Okl.Cr., 357 P.2d 251, 252, wherein this court said:

"A habeas corpus proceeding is not available to review the question of whether one detained under a sentence entered upon a plea of guilty in a prosecution for the crime of indecent acts towards a minor child under the age of fourteen years, after former conviction of a felony, was insane at the time of the commission of the offense.

"The question of insanity at the time of the commission of an offense, as a defense to a criminal prosecution

therefor, must be raised at the trial and determined by the jury upon the evidence relative thereto."

This holding is amply supported by authority. The question herein raised is identical with that in the original petition for writ of habeas corpus, supra.

 It has been repeatedly held that where this court has denied an application for writ of habeas corpus, it will not ordinarily entertain subsequent application for such writ on the same grounds and facts, or on any other grounds or facts existing when the first application was made, whether presented then or not. Hibbs v. Raines, Okl.Cr., 344 P.2d 672, 673, amply supported by authorities.

The situation herein being as it is, the writ is denied.

NIX, P. J., concurs.

BUSSEY, J., not participating.