Robert C. KESSINGER, Petitioner,

v.

Robert R. RAINES, Warden Oklahoma State
Penitentiary, Respondent.

No. A–13445.

Court of Criminal Appeals of Oklahoma.

Feb. 26, 1964.

Robert C. Kessinger, petitioner, pro se.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

JOHNSON, Presiding Judge.

On August 9, 1962 Robert C. Kessinger filed a petition for writ of mandamus in this Court to require the district court of Tulsa County to furnish him a casemade in case No. 19379 in said Court, and on September 26, 1962 this Court denied such writ for the reason that the same was not timely filed and the time for filing an appeal had already expired. Kessinger v. State, etc., Okl.Cr., 375 P.2d 274.

On October 3, 1962 this petitioner filed herein a petition for writ of habeas corpus,

which was denied on January 9, 1963. Kessinger v. Raines, Warden, Okl.Cr., 377 P.2d 981.

Thereafter petitioner filed in the Supreme Court of the United States a petition for writ of certiorari to this Court, and the writ was denied on June 17, 1963, 374 U.S. 846, 83 S.Ct. 1903. 10 L.Ed.2d 1066.

On October 9, 1963 petitioner filed this petition for writ of habeas corpus, and raises for the first time in this Court the proposition that while he was convicted of forgery in the second degree, after former conviction of a felony, the commitment sent to the State Penitentiary showed that he had been convicted of burglary in the second degree, after former conviction of a felony, and sentenced to ten years in the penitentiary.

The Attorney General has filed response on behalf of the Warden, and attaches thereto copies of the information, verdict, judgment and sentence, and petitioner's prison record, showing this is petitioner's third term in the penitentiary.

Attached to a brief filed by the petitioner is a copy of the information and the judgment and sentence, the latter copy being too indistinct to be read; and a transcript of testimony of Virgil Choate, which shows to have been given in a case, No. 5386 Civil, in the United States District Court for the Eastern District of Oklahoma, entitled "Robert C. Kessinger, petitioner, vs. Hon. Judge W. Lee Johnson, Tulsa District Court, Tulsa, Oklahoma; Hon Hez Bussey, Court of Criminal Appeals, Oklahoma City, Oklahoma; Attorney General Charles Nesbitt, Oklahoma City, Oklahoma."

This transcript shows that Mr. Choate, record clerk at the Oklahoma State Penitentiary, testified in that proceeding that at the time of receiving the commitment of this petitioner from the court clerk of Tulsa County, the same showed that petitioner had been convicted of Burglary in the second degree, after former conviction of a felony, and when witness sent the receipt back

to the clerk, the court clerk of Tulsa County caught the error and within a few days sent to the penitentiary a corrected copy of the commitment.

This is the only new thing raised by this petition for habeas corpus.

■ This Court has many times held that where application for writ of habeas corpus has been denied, it will not ordinarily entertain subsequent application for such writ on the same grounds and facts, or on any other grounds or facts existing when first application was made, whether then presented or not. In re Hanger, Okl.Cr., 363 P.2d 952; Hanger v. State and Raines, Okl.Cr., 373 P.2d 272; Allen v. Raines, Okl.Cr., 368 P.2d 667; Ex parte Davis, 74 Okl.Cr. 75, 123 P.2d 300.

■■ It is apparent that the error here complained of was caused by mere inadvertence on the part of the court clerk, which error, when called to the attention of the clerk, was promptly corrected. The information filed against the accused charged him with uttering a forged instrument, after former conviction of a felony. The jury found him guilty of the included offense of forgery in the second degree, after former conviction of a felony, and the court sentenced him to ten years in the State Penitentiary. The validity of a judgment cannot be avoided because the clerk failed to perform his ministerial duties in making up the record, and where through the negligence or omission of the clerk the commission read "burglary in the second degree," instead of "forgery in the second degree", it did not result in any prejudice to the defendant. Ex parte Leneave, 90 Okl. Cr. 105, 210 P.2d 678; Ex parte Pruitt, 89 Okl.Cr. 312, 207 P.2d 337; Dunn v. State, 18 Okl.Cr. 493, 196 P. 739.

It is apparent that the petitioner is legally restrained of his liberty in the penitentiary, and the writ of habeas corpus is denied.

BUSSEY and NIX, JJ., concur.