Robert Charles KESSINGER, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13838.

Court of Criminal Appeals of Oklahoma.

Feb. 8, 1967.

Robert G. Brown, Gary Sibley, Tulsa, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BRETT, Judge:

This is an appeal in which the plaintiff in error, hereinafter referred to as defendant, has appealed his conviction in the district court of Tulsa County, for the crime of second degree forgery, after former conviction of felony.

Insofar as this case is of some historical significance, it should be pointed out that the defendant was first tried by a jury, in the Tulsa County district court for the same offense, was found guilty, and on April 5, 1962 was sentenced to serve ten years in the state penitentiary. Since that time, he has been confined in the penitentiary.

For reasons over which this Court had no control, the defendant failed to perfect his appeal from the first conviction, in accordance with the requirements of the State statutes. For that reason, this Court lacked jurisdiction to consider his subsequently attempted appeal.

On August 9, 1962, after the statutory time to lodge an appeal had expired, defendant filed a petition in mandamus, requesting this Court to issue a directive ordering the trial court to prepare his case made at public expense, in order that he could perfect such appeal. For the reason stated above, the expiration of time, this Court denied the writ of mandamus prayed for. Kessinger v. State, Okl.Cr., 375 P.2d 274.

Subsequent to that action, on October 3, 1962, defendant filed his petition for writ of habeas corpus in this Court, alleging that he was being illegally held in the state penitentiary. The writ was denied for the reason that defendant's allegations were not supported by any proof whatsoever; nor did he attach to his petition a copy of either the information or the judgment and sentence of which he was complaining. See: Kessinger v. Raines, Warden, Okl.Cr., 377 P.2d 981.

Thereafter, defendant filed in the Supreme Court of the United States a petition for writ of certiorari to this Court; which writ was denied on June 17, 1963. Kessinger v. Oklahoma, 374 U.S. 846, 83 S.Ct. 1903, 10 L.Ed.2d 1066.

On October 9, 1963, defendant filed his petition for writ of habeas corpus in this Court, alleging for the first time that he was convicted of the crime of "Forgery in the Second Degree, AFCF"; whereas the commitment sent to the state penitentiary showed his conviction to have been for the crime of "Burglary in the Second Degree, AFCF". This Court found that error to be one of clerical nature, insofar as the

judgment and sentence properly recited the crime, for which defendant had been convicted; and on February 26, 1964 denied the writ. See: Kessinger v. Raines, Warden, Okl.Cr., 389 P.2d 935.

During the month of December, 1964, defendant filed a petition for writ of habeas corpus in the U.S. District Court, Eastern District of Oklahoma. On December 30, 1964 defendant was granted a hearing before that Court at McAlester, Oklahoma, before the Honorable Luther Bohanon, District Judge.

On March 26, 1965 the Honorable District Judge entered that Court's order, without specifically "setting aside and vacating the judgment and sentence" of the Tulsa County district court, under which defendant was confined to the state penitentiary.

In that order, the Court's findings were stated in part as follows:

"In felony cases, such as this, appeals must be taken to the Court of Criminal Appeals within three months after judgment.[1] This was not done in this case, but was due to failure of the Court to appoint counsel to represent petitioner, and to furnish a transcript of the record as timely requested. The Petitioner, by not having counsel to represent him on appeal and the record furnished him on appeal, since he was admittedly an indigent person, *suffered a violation of his Constitutional rights as guaranteed by the Fourteenth and Sixth Amendments, United States Constitution.* * * *." [Emphasis added]

After reciting the Court's findings, the following order was provided:

"The Court, based upon the foregoing, concludes that the Petitioner is entitled to relief. *A new trial is ordered if the State so desires.* The State failing to elect to re-try the Petitioner, or to seek review of this Order, then at the expiration of sixty days from this date the said Robert C. Kessinger be released from custody of the State of Oklahoma, and Ray H. Page, Warden of the Oklahoma State Penitentiary, from the sentence imposed upon Robert C. Kessinger which he is presently serving.

"DATED this 26th day of March, 1965." [Emphasis added]

The State of Oklahoma, being confronted with this order of the United States District Court, appeared to have little choice in the matter. Defendant was granted a new jury trial, which commenced May 17, 1965. On the following June 1, judgment and sentence was passed. Defendant was sentenced under the provisions of the Indeterminate Sentence Act to serve in the state penitentiary for a period of from five (5) to fifteen (15) years.

Defendant was present at his second trial with his two court appointed attorneys, Mr. Robert G. Brown, and Mr. Gary Sibley, who also perfected defendant's present appeal to this Court.

Insofar as the U.S. District Court order did not specifically "set aside and vacate" the former judgment and sentence, defendant interposed his objection to the new trial, on grounds of former jeopardy. Defense Counsel Brown stated as follows:

"Comes now the defendant and objects to the introduction of any evidence by the State of Oklahoma, on the ground and for the reason that this defendant has previously been tried and convicted for the offense for which he now stands charged, * * *."

Defendant's objection was overruled, and the trial was commenced under the original information filed, which properly alleged the crime of Second Degree Forgery, AFCF. A two-stage trial was conducted, and on May 18, 1965 the jury returned a verdict of guilty on both charges.

In his brief, defendant first argues his contention of former jeopardy. He states: "It is to be noted, that nowhere, at any

---

1. Title 22 Okl.St.Ann. § 1054, now provides six months time for perfecting appeals from felony convictions.

time or place, does the record reflect that the original judgment and sentence herein on the 5th day of April, 1962, has been vacated, set aside or held for naught."

Defendant's statement is correct, as it pertains to no specific words or phrases vacating the judgment and sentence. However, there is no uncertainty whatsoever concerning the intent expressed in the U. S. District Court order, especially as it concerns defendant's being granted a new trial. Likewise, it clearly provides the State of Oklahoma with one of three choices: either grant defendant a new trial; seek a review of the Court's order; or, see the defendant discharged from the state penitentiary. Clearly, the State of Oklahoma elected to grant defendant a new trial.

■ With respect to a new trial, Title 22 Okl.St.Ann. § 951 provides, in part:

"A new trial is a re-examination of the issue in the same court, before another jury, after a verdict has been given. *The granting of a new trial places the parties in the same position as if no trial had been had.*" (Emphasis added)

■ The ninth paragraph of the syllabus in Johnson v. State, 1 Okl.Cr. 321, 97 P. 1059, recites as follows:

"When a defendant has been tried and convicted of an offense, and a new trial has been granted him, and, upon his being placed upon trial on the same indictment again, a plea of former jeopardy, based upon the first conviction, does not present a defense in the case."

See also Cornell v. State, 91 Okl.Cr. 175, 217 P.2d 528; Duncan v. State, 41 Okl. Cr. 89, 270 P. 335; Watson v. State, 26 Okl. Cr. 377, 224 P. 368; and Bonham v. State, 6 Okl.Cr. 230, 118 P. 149.

■ Notwithstanding the fact that the above cited cases all arose from situations wherein either the trial court ordered a new trial, or wherein the case was remanded by the appellate court for a new trial, we see no difference between those situations and the situation found in this case. The statute was not intended to limit its operation to those situations only, but instead to cover all situations wherein a new trial is properly ordered. The only difference between those cases, and the case at hand is, that this case resulted from an application for writ of habeas corpus from a federal district court.

■ This same situation has been dealt with in other jurisdictions. In Marshall v. State, 73 Tex.Cr. 531, 166 S.W. 722, L. R.A.1915A, 526, precisely the same situation was covered. The syllabus in the Court's opinion recites as follows:

"One who obtains on habeas corpus his discharge under a judgment and sentence adjudged absolutely void cannot, on a subsequent prosecution for the same offense, rely on the judgment and sentence in support of a plea of former jeopardy, whether he has undergone any part of the punishment imposed or not."

The Texas Court of Criminal Appeals points out in the body of the opinion, the court could not have given any relief upon the application for habeas corpus, if the judgment and sentence had not been absolutely void. Likewise, the federal courts are in accord with the Texas rule, stated above.

The U. S. Circuit Court of Appeals, Third Circuit, in a decision resulting from an appeal from the district court, wherein that court granted a writ of habeas corpus, in affirming the lower court said, in the case of United States ex rel. Almeida v. Baldi, 195 F.2d 815, 33 A.L.R.2d 1407:

"The grant of the writ will not keep Almeida from being tried again for he cannot successfully plead double jeopardy. [Authorities cited]."

■ We are of the opinion the Honorable U. S. District Court sufficiently expressed its intent in its order of March 26, 1965, and the directive contained therein was most clear. For that reason we hold that defendant's plea of former jeopardy is without merit, and that the Tulsa County District Court properly overruled defendant's motion.

 We have carefully considered each of the other seven cited errors, as stated in defendant's petition in error, and find each to be without merit. The first such error was discussed extensively in defendant's brief. The evidence in this case is sufficient to sustain the jury's verdict, and such was properly admitted into the record. We have examined the court's instructions to the jury, and find they properly state the law applicable to the facts of this case. We have also examined defendant's requested instructions, and find that their contents were sufficiently incorporated into the court's instructions, so as to state matters requested by defendant. The trial court also properly overruled defendant's motion for mistrial.

 Insofar as defendant's complaint concerning his sentence under the indeterminate sentence act is concerned, there is sufficient merit therein to justify comment.

Defendant contends that since the alleged crime was committed on February 5, 1962, and insofar as he was first sentenced by the district court at the conclusion of the first trial, on April 5, 1962, and because the indeterminate sentence act became law on January 1, 1964, 57 O.S.Supp. § 353 et seq., that the sentence imposed under the provisions of that law is improper, because of ex post facto defects.

Under the facts and circumstances of this case, we do not consider it necessary to go into the merits, or demerits, of defendant's sentence under the indeterminate sentence act. Instead, we are of the opinion that justice will best be served by modifying the judgment and sentence of the second trial, to conform to that of his first trial; and that he should be entitled to receive credit for time spent in the state penitentiary as the result of that judgment and sentence.

It is the opinion of the Court that defendant's sentence should be, and the same is, therefore, modified to ten years; and that defendant shall receive all credits which he has earned toward the satisfaction of the sentence imposed April 5, 1962, the same to be applied toward the satisfaction of the sentence imposed on June 1, 1965.

It is therefore the opinion of the Court that the judgment and sentence of the district court of Tulsa County should be, and the same is, affirmed as modified.

NIX, P. J., and BUSSEY, J., concur.